ISIDOR GOLDBERG, Appellant, *v.* ABRAHAM LEVINE, Respondent.

First Department, January 13, 1922.

Landlord and tenant — summary proceedings to dispossess — violation of clause in lease against subletting without consent of landlord affords landlord no right to declare " expiration " of lease and maintain summary proceedings on that ground — ejectment proper remedy — reversal of void final order not necessary to relieve tenant therefrom — void final order did not affect relationship between tenant and subtenant — order of restitution not required — advice by tenant to subtenant after final order to do what he could with owner did not terminate sublease — temporary attornment by subtenant to owner illegal and void — tenant entitled to final order dispossessing subtenant for non-payment of rent — costs under Municipal Court Code, § 164, subd. 10, limited to $10 and disbursements.

The violation by a tenant of a provision in his lease which prohibits subletting the premises without the landlord's consent in writing, and gives the landlord the right to re-enter said premises on the violation of the covenant, affords the landlord no right to declare an " expiration " of the lease or to resort to the proceedings provided by statute for the summary removal of the tenant upon " expiration " of the lease.

Where the tenant violates a covenant of that nature, he forfeits his rights under the lease, becomes liable to the landlord for such damages as the latter may have sustained by reason of the breach, and the landlord may proceed through an action in ejectment to declare a forfeiture of the lease and regain possession of the premises.

Accordingly, the Municipal Court of the City of New York obtained no jurisdiction to entertain summary proceedings to dispossess the plaintiff in this action, the tenant, based on the violation of the covenant against subletting, and the final order entered in that proceeding was null and void and subject to attack either directly or collaterally.

It was not necessary for the tenant to appeal from the final order entered in that proceeding and to have the same reversed in order to relieve himself therefrom.

In this proceeding by the tenant to dispossess the subtenant on the ground that he was in arrears in the payment of rent, the said final order in the former proceeding was no defense, for it was absolutely void and did not in any way affect the relationship between the tenant and subtenant.

While the reversal of the final order in the prior proceedings was not required to establish the nullity thereof, nevertheless, such reversal was an adjudication that the order was a nullity for want of jurisdiction of the subject-matter and is *res judicata* and binding upon the parties in this proceeding.

It was not necessary for the Appellate Term on the reversal of the final order in the prior proceedings to enter a final order of restitution in order to re-establish the relation of landlord and tenant between the tenant and his subtenant, for the final order did not disestablish such relation.

The advice by the tenant to his subtenant, following the granting of the final order in the prior proceedings and at a time when the marshal was about to put the subtenant out of the premises to " do what you can " did not terminate the lease between the tenant and subtenant, nor amount to a consent on the part of the tenant to an attornment to the owner of the premises; and, therefore, the temporary attornment by the subtenant to the owner of the premises was not only illegal but was void for lack of consideration, and the tenant was entitled to a final order dispossessing the subtenant for failure to pay rent.

Costs to the petitioner in summary proceedings in the Municipal Court are limited by subdivision 10 of section 164 of the Municipal Court Code to ten dollars and necessary disbursements.

APPEAL by the plaintiff, Isidor Goldberg, from a determination and order of the Appellate Term of the Supreme Court, First Department, entered in the office of the clerk of the county of New York on the 20th day of January, 1921, reversing the final order of the Municipal Court of the City of New York, Borough of Manhattan, Second District, in favor of the plaintiff, and dismissing the petition in summary proceedings to dispossess.

*Joseph Gans* of counsel [*C. Arthur Jensen* with him on the brief], for the appellant.

*Samuel Silinsky* of counsel, for the respondent.

MERRELL, J.:

On October 10, 1918, one Moses Harris executed a written lease to the petitioner herein, whereby said Harris leased to

the petitioner the basement of premises at No. 25 Allen street in the borough of Manhattan, New York city, for a term ending December 31, 1921, at rental of seventy-five dollars per month. Said lease contained, among others, the following provisions:

" 4th. That the tenant shall not assign the agreement, or underlet or underlease the premises, or any part thereof, or make any alterations on the premises, without the landlord's consent in writing; or occupy, or permit or suffer the same to be occupied for any business or purpose deemed disreputable or extra-hazardous on account of fire, under the penalty of damage and forfeiture."

" 13th. That if default be made in any of the covenants herein contained, then it shall be lawful for the said landlord to re-enter said premises, and the same to have again, repossess and enjoy. The said tenant hereby expressly waives the service of any notice in writing of intention to re-enter, as provided for in Section 1505 of the Code of Civil Procedure and in the third section of an Act entitled ' An Act to abolish distress for Rent and for other purposes passed May 13th, 1846.' "

Thereafter and on August 28, 1919, without obtaining his landlord's consent in writing, the said lessee, Goldberg, executed unto the defendant herein a written lease of the said premises at No. 25 Allen street for the term of two years, three and one-half months, at a monthly rental of $100, payable in advance on the first of each and every calendar month of said term.

Thereafter, and on September 16, 1919, Harris, the owner, notified Goldberg in writing that he elected to terminate the latter's tenancy of the leased premises by reason of such subletting without the written consent of the landlord, and thereafter the said landlord instituted summary proceedings to regain possession of the leased premises because of such subletting without the landlord's written consent, the landlord claiming that the said Goldberg, as tenant, and the said Levine, as under-tenant, held over and continued in possession of the leased premises without the permission of the said landlord after the expiration of the tenant's term.

Thereafter, and on January 26, 1920, a final order was

made by the Municipal Court in said summary proceeding awarding to the landlord, Harris, the possession of the said leased premises, and thereafter, on February 3, 1920, a warrant dispossessing the said Goldberg, as tenant, and the said Levine, as under-tenant, was issued, and pursuant thereto the landlord was, on the same day, placed in possession of said premises. Goldberg appealed to the Appellate Term from such final order of the Municipal Court awarding the possession of the leased premises to the landlord, and on May 13, 1920, the Appellate Term reversed said final order of the Municipal Court and dismissed said landlord's petition on the ground that the subletting without the owner's consent did not terminate the tenancy, and that summary proceedings would not lie. (*Harris* v. *Goldberg*, 111 Misc. Rep. 600.) The Appellate Term then held, and, we think, correctly, that the provision of the lease in suit against the tenant's subletting without the written consent of the landlord under penalty of damages and forfeiture, and providing that in case of default the landlord might re-enter, merely provided for an action in ejectment and for forfeiture of the lease and re-entry for breach of the covenants contained therein, and that such provision did not mean that upon such re-entry the lease expired. In the opinion of the Appellate Term it was said: " Expiration of a lease means when it reaches its natural limit provided for in the lease, whether by the expiration of the term for which the premises are hired or by the happening of some event which by its terms the lease provides shall terminate the lease. On such expiration of the lease the tenant could be dispossessed by summary proceedings for holding over after the expiration of the term. ' The statutory term " expiration " does not refer to a forfeiture by breach of condition, but to the expiration of the lease by lapse of time ' (*Matter of Guaranty Building Co.*, 52 App. Div. 140, 142, 143), or by the happening of an event as provided in the lease. (See, also, *Miller* v. *Levi*, 44 N. Y. 491.) "

The Appellate Term reversed the final order of the Municipal Court in summary proceedings and dismissed the landlord's petition. We think such action on the part of the Appellate Term was correct. The provisions of the lease against assignment thereof or subletting of the leased premises by the

tenant, and permitting the landlord, in case of the tenant's default, to re-enter, repossess and enjoy the leased premises, afforded the landlord no right to declare an expiration of the lease or to resort to the proceedings provided by statute for the summary removal of the tenant upon expiration of the lease. (See Code Civ. Proc. § 2231, subd. 1.) The tenant, having sublet the premises to Levine without the written consent of the landlord, clearly violated the terms of the lease and forfeited the same and thereby became liable at the suit of the landlord for such damages as the latter may have sustained by reason of the tenant's breach. The landlord also, under the terms of the lease, in case of such default of the tenant, was entitled to repossess himself of the leased premises, which could alone be accomplished through an action in ejectment to declare a forfeiture of the lease and to award possession of the leased premises to the landlord. Summary proceedings to oust the tenant did not lie, because the term of the lease had not expired. The Municipal Court could only obtain jurisdiction to entertain summary proceedings to remove the tenant upon the landlord's petition, where, under the provisions of the lease, the term had expired or where the lease provided for a curtailment of the term by the landlord upon a certain contingency. The lease had not expired and, therefore, the Municipal Court obtained no jurisdiction to entertain summary proceedings. The law is well settled that where a court is authorized by statute to entertain jurisdiction in a particular case only, if it undertakes to exercise jurisdiction in a case to which the statute has no application, such court thereby acquires no jurisdiction and its judgment or determination when made is a nullity and will be so treated whenever called in question by either direct or collateral attack. (*Matter of Doey* v. *Howland Co.*, 224 N. Y. 30.)

In *Davidson* v. *Ream* (178 App. Div. 363) Mr. Justice WOODWARD, writing for the Appellate Division, Third Department, said: " The rule is established that ' a court authorized by statute to entertain jurisdiction in a particular case only, if it undertakes to exercise the power and jurisdiction conferred in a case to which the statute has no application, acquires no jurisdiction, and its judgment is a nullity, and will be so treated when it comes in question, either directly or collaterally.'

(*O'Donoghue* v. *Boies*, 159 N. Y. 87, 99, and authorities there cited.)   *   *   *   The want of jurisdiction, which is a pure question of law, may always be asserted and raised directly or collaterally, either from an inspection of the record itself when offered in behalf of the party claiming under it, or upon extraneous proof, which is always admissible for that purpose   *   *   *."

In *Kamp* v. *Kamp* (59 N. Y. 212) Judge ALLEN, writing for the Court of Appeals, said (at pp. 215, 218): " One is not bound to appeal from a void order or judgment, but may resist it and assert its invalidity at all times.   *   *   *

" Judgments of courts proceeding within their jurisdiction cannot be questioned collaterally or by other tribunals except upon appeal upon the ground of mistake or error, *but judgments by courts having no jurisdiction are as no judgments, and bind no one.*"   (Italics are the writer's.)

While the Appellate Term reversed the final order and dismissed the petition in said summary proceeding, such reversal was not required to relieve Goldberg from the effect of the final order.  The petition in that case, which was introduced in evidence in the pending proceeding, clearly showed that the Municipal Court was acting without jurisdiction in said proceeding, and that its final order awarding the landlord possession of the premises was a nullity.

Following the reversal of the Municipal Court and the dismissal of the petition by the Appellate Term, Goldberg, on June 7, 1920, instituted the present summary proceeding to dispossess the subtenant, Levine, for non-payment of rent from the 1st day of February, 1920, to the thirtieth day of June of that year.  Levine appeared and answered, interposing a general denial of the allegations of the petition, and alleging, by way of counterclaim, his hiring of the premises of Goldberg at a rental of $1,200 per year, and of said subtenant's possession of the said premises until on or about February 1, 1920. The subtenant further alleged, by way of counterclaim, that Goldberg was not the owner of the premises which he had sublet, but hired the same under a three-year written lease from Harris, wherein Goldberg had covenanted with Harris not to assign said lease or underlet the premises without the written consent of his lessor, under penalty of damages and

forfeiture; that Goldberg let the premises to the defendant in direct violation of the terms of his lease with Harris, and without the latter's consent; and alleged the termination of Goldberg's tenancy by Harris and of the institution of the summary proceedings by Harris and of the final order and warrant in said proceedings dispossessing Goldberg from said premises; that Goldberg, defendant's landlord, then directed the defendant to attorn to Harris for the rental of said premises, and that said defendant did then and there attorn to said Harris therefor; that by reason of the foregoing, the tenant was deprived of the quiet and peaceful enjoyment of said demised premises to his damage in the sum of $1,000. The defendant, also, in his answer, alleged that the plaintiff was in default in payment of rent to his landlord, and that by reason thereof the defendant might be dispossessed from the demised premises. The defendant asked for an affirmative judgment against Goldberg in the sum of $1,000, and that the petition of the latter be dismissed. Upon the trial of the issues defendant's counterclaim was withdrawn and a verdict was directed for Goldberg and a final order was entered in favor of Goldberg, as landlord, on July 30, 1920, directing the issuance of a warrant for the removal of the defendant and all persons claiming under him from the leased premises. The final order of the Municipal Court awarded the petitioner $62 costs of said proceeding. The subtenant, Levine, appealed to the Appellate Term and the final order was reversed, the Appellate Term holding that the relation of landlord and tenant between Harris and Goldberg in the former proceeding was terminated by the issuance of the warrant in dispossession therein, and that, as there was no order of restitution entered upon the reversal of the final order of the Municipal Court dispossessing Goldberg, the relation of landlord and tenant was not re-established. From such determination of the Appellate Term this appeal is taken, by order of the presiding justice of this court.

We are of the opinion that the determination of the Appellate Term herein reversing the final order of the Municipal Court in summary proceedings was wrong, and should be reversed. In our opinion, for the reasons hereinbefore stated, the final order in the prior summary proceeding was a nullity and the

Municipal Court acquired no jurisdiction to entertain such proceeding. Levine interposed the final order and warrant in the prior proceeding as a defense in the present proceeding. Goldberg had a right to go behind said order and to show that the Municipal Court acquired no jurisdiction to entertain summary proceedings to oust the tenant from the premises. Upon the trial of the present proceeding in Municipal Court the subtenant himself established the invalidity of the final order in the prior proceeding, and that the Municipal Court acquired no jurisdiction to entertain such proceeding, by introducing in evidence the petition in that proceeding. It clearly appeared from such petition that upon breach of the covenants of the lease by Goldberg, the tenant, the only remedy of Harris, the landlord, was for damages or to declare a forfeiture of the lease, and to regain possession of the premises in an action in ejectment. While, as before suggested, the reversal by the Appellate Term of the final order in the prior proceeding was not required to establish the nullity of said final order, nevertheless, such reversal was an adjudication by the Appellate Term that the order was a nullity for want of jurisdiction of the subject-matter. Such adjudication is, I think, *res judicata* and binding upon the parties to the present proceeding.

The Municipal Court, in the prior proceeding, never having acquired jurisdiction to entertain the same, could not make the final order nor issue the warrant ousting Goldberg from the premises. The relationship between Harris, the owner, and Goldberg, the tenant, remained unaffected by the former proceeding in Municipal Court, and the attempted final order entered therein was utterly powerless to disestablish the relation of landlord and tenant then existing between said parties. It, therefore, seems to me that the observation of the Appellate Term that a final order of restitution was required to re-establish the relation of landlord and tenant between Harris and Goldberg was of no force. Where it appears so clearly that the final order was granted without jurisdiction, it was a nullity and did not affect the rights of the parties and no order was required to " re-establish " rights which the order had not affected.

It is also the contention of the respondent that the appellant, following the granting of the final order of the Municipal

First Department, January, 1922.　　　[Vol. 199

Court in the former proceeding, authorized the respondent to enter into a new relationship with the owner of the premises, and that, acting upon such authorization, the respondent did negotiate with a third party, who, in the meantime, had obtained control of the premises, and had attorned to said third party for the rental of said premises. This claim of the respondent, Levine, grows out of testimony given upon the trial of the present proceeding where he testified as follows: " In February — I don't know what date — the marshal come around in my place and said, ' Levine I will have to chase you from the store.' So I telephoned to Goldberg when the marshal was in my place and I told Mr. Goldberg, ' The marshal is right here in my place.' And Goldberg told me he lost the case in court — ' Do what you can.' I should try to settle with the landlord."

Levine testified further that, following this talk with Goldberg, he entered into negotiations with one Werstein, who had a store the next door to that occupied by the respondent, and that Harris, the owner, was present in Werstein's store. Levine was not permitted to testify as to his talk with Harris in the absence of the plaintiff, Goldberg, but did testify that a week or two later Goldberg was in his store, and that he told Goldberg that Werstein did not want him to continue in the store, as he carried the same line of goods; that he, Levine, begged of Werstein to be permitted to remain in the store and that Werstein finally, without giving him a lease, permitted him to remain at a rental of $175 per month, and that, pursuant to such arrangement, he had paid Werstein rent for the succeeding months of February, March, April and May. The respondent claims that when he called Goldberg on the telephone at the time the marshal was at his store for the purpose of executing the warrant of dispossession in the former proceeding, and Goldberg told him that he had lost his case in court and said to him, " Do what you can," Goldberg meant that he should try to settle with the landlord. I do not think Goldberg's instructions, as testified to by Levine, would bear such an interpretation. He could have meant no more by the expression, " Do what you can," than that his tenant should make some temporary arrangement with the landlord to remain in the premises. While the testimony of

Levine as to this telephone conversation was uncontradicted, the court almost immediately thereafter announcing that a verdict would be directed in favor of the landlord, and the landlord being given no opportunity to rebut Levine's testimony in this respect, it appears that this conversation, if it occurred at all, was upon the basis of an assumption by the parties that the dispossession of Goldberg was a valid judicial act and an accomplished fact. If the warrant in the former proceeding was valid, then Levine was forced from the premises unless he could make a new arrangement with the owner. The advice of Goldberg, therefore, to " Do what you can," was, under the circumstances, entirely superfluous. Assuming that the eviction of Goldberg was valid, then Levine must either get out or make some arrangement with the owner of the premises. Goldberg's advice, therefore, amounted to nothing. It did not serve to rescind his lease to Levine, because if the eviction order was valid that of itself rescinded the lease. Such advice by Goldberg could not serve as an estoppel to his claim in the present proceedings, because such advice at that time could not in any manner influence Levine, nor did it amount to a consent on Goldberg's part to an attornment to the owner of the premises. In other words, if the dispossession order was valid, Goldberg could not prevent an attornment by Levine. If, however, as was the fact, the final order of the Municipal Court was without jurisdiction and worthless, neither Harris nor Werstein had anything to give Levine for the rental which he paid. The temporary attornment, therefore, was not only illegal, but was void for lack of consideration. Assuming that Goldberg told Levine to do what he could, and meant thereby that Levine should make a new arrangement with the owner of the premises, such instruction was ineffective so long as the relationship between Harris and Goldberg remained undisturbed.

I am, therefore, of the opinion that the order of the Appellate Term, reversing the final order of the Municipal Court herein, should be reversed, with costs, and that, in so far as the final order of the Municipal Court awarded to the petitioner Goldberg the delivery of the possession of the premises described in the petition by reason of the tenant's failure to pay rent for the said premises, the same should be reinstated.

However, I find no authority in law for the award to the petitioner by the Municipal Court of costs of the proceeding amounting to sixty-two dollars. Section 164, subdivision 10, of the Municipal Court Code (Laws of 1915, chap. 279) provides that costs to either party, where no provision therefor is otherwise made, may be awarded by the court in a sum not exceeding ten dollars. I know of no special provision of law permitting an award of costs in summary proceedings in said court exceeding said sum. The petitioner's disbursements in the summary proceedings amounted to two dollars, making, in all, the costs which could properly have been awarded to the petitioner, the sum of twelve dollars.

It follows that the determination of the Appellate Term should be reversed, with costs and disbursements in this court and in the Appellate Term, and the final order of the Municipal Court be modified by reducing the costs of the said proceeding awarded to the petitioner by the final order to the sum of twelve dollars, and that, as so modified, the order of the Municipal Court be reinstated.

CLARKE, P. J., SMITH, PAGE and GREENBAUM, JJ., concur.

Determination reversed, with costs to appellant in this court and in the Appellate Term, and final order of the Municipal Court modified by reducing the costs awarded to petitioner to the sum of twelve dollars, and as so modified affirmed.