FOX *v.* MARTIN.

1. Mechanics' Liens—Statutes.

   Mechanics' liens are strictly statutory and their validity and enforcement are restricted to the narrow confines of the legislative act by which they are created.

2. Same—Statutes—Continuance of Lien..

   Under statute providing for creation and existence of a lien and its continuance for one year and no longer unless proceedings are begun to enforce the same in accordance with provisions thereof, no lien was in existence at time of commencement of suit to foreclose it brought 14 months after claim of lien had been filed (3 Comp. Laws 1929, § 13109).

3. Same—Jurisdiction to Foreclose—Termination of Lien.

   A court acquired no jurisdiction to foreclose a mechanics' lien where bill to foreclose was, and appeared on its face to have been, filed some 14 months after claim of lien was filed as any rights under such lien were then nonexistent (3 Comp. Laws 1929, § 13109).

4. Courts—Jurisdiction—Statutes—Consent.

   As power over the subject-matter is given by law, nothing but an additional grant from legislative authority can extend that power over a class of cases formerly excepted; and neither the acquiescence of the parties, nor their solicitations, can authorize any court to determine any matter over which the law has not authorized it to act.

5. Same—Jurisdiction of Subject-Matter.

   Mere possession by a court of power to act in respect to a specific subject-matter is of no consequence unless that power is properly invoked, for jurisdiction of the subject-matter of a particular case is something more than the constitutional or statutory power to entertain cases of the general class to which the one in hand belongs; it is that power called into activity by some act of the suitor concerned and in some mode recognized by law.

6. SAME—JURISDICTION—FACTS—ALLEGATIONS.

Jurisdiction to entertain a suit does not depend upon the facts, but upon the allegations, and is determinable on the commencement, not at the conclusion, of the inquiry.

7. JUDGMENT—JURISDICTION—DIRECT OR COLLATERAL ATTACK.

The judgment or determination of a court which has no jurisdiction over the particular action or suit in which it is made is a nullity and will be so treated whenever called in question by either direct or collateral attack.

8. SAME—JURISDICTION—STATUTES—COLLATERAL ATTACK.

The judgment of a court having no jurisdiction of the subject-matter or the parties, or the exercise of a power by the court not authorized by the statute in purely statutory proceedings, is utterly null and void, and may be collaterally assailed.

9. ASSISTANCE, WRIT OF—MECHANICS' LIENS—JURISDICTION TO FORE-CLOSE.

Writ of assistance *held*, properly denied to one who foreclosed a mechanics' lien by bill filed over 14 months after claim of lien where statute provided for continuance of lien for but one year as lien sought to be foreclosed was then void, court was without jurisdiction to foreclose it and its decree of foreclosure was a nullity (3 Comp. Laws 1929, § 13109).

Appeal from Macomb; Spier (James E.), J. Submitted October 6, 1938. (Docket No. 48, Calendar No. 40,141.) Decided December 22, 1938.

Petition for writ of restitution by William Fox, substituted as party plaintiff for Stephens Lumber Company, a Michigan corporation, against Alton H. Noe, receiver for Ralph Martin and Florence Martin in mechanics' lien foreclosure. B. A. Kalahar, receiver of the Citizens Bank, intervened. From order denying writ of assistance, plaintiff appeals. Affirmed.

*Carlyle Michelman* and *Shapero & Shapero,* for plaintiff.

*Alton H. Noe,* for defendant.

*Nunneley & Nunneley,* for intervener.

McAllister, J.   On December 16, 1927, the Stephens Lumber Company filed a mechanics' lien upon premises owned by Ralph Martin and Florence Martin, his wife.   Approximately 14 months thereafter, on February 15, 1929, the lumber company filed a bill to foreclose the lien.   Default was taken May 29, 1931, and a decree entered on the same day in favor of the lumber company.   The premises were sold August 18, 1931, and the sale was confirmed August 31, 1931.

Thereafter the lumber company was adjudicated a bankrupt and the Union Guardian Trust Company was appointed trustee.   The trustee in bankruptcy sold the premises upon which decree of foreclosure had been taken to William Fox on April 13, 1937.   On September 30, 1937, Fox filed his petition for a writ of assistance to obtain possession of the premises.   In judgment creditors' proceedings against the Martins in the circuit court for the county of Macomb an order had previously been entered appointing Alton H. Noe receiver of the said property.   On answer and motion filed to plaintiff's petition for writ of assistance, the trial court dismissed such petition, holding that inasmuch as the bill to foreclose the mechanics' lien was filed more than one year after the filing of the lien, the *pro confesso* decree was a nullity and that a court of equity would not issue a writ to assist in the enforcement of a decree which it had no power to enter.   On appeal plaintiff claims that the decree of foreclosure was *res judicata;* that the court had general jurisdiction to enter the same; and that the writ of assistance should be granted.

Mechanics' liens are strictly statutory. Their validity and enforcement are restricted to the narrow confines of the legislative act by which they are created.

The statute (3 Comp. Laws 1929, § 13109 [Stat. Ann. § 26.289]), which was in force at the time the said lien was filed, provided:

"The several liens herein provided for shall continue for one year after such statement or account is filed in the office of the register of deeds, *and no longer unless proceedings are begun to enforce the same as hereinafter provided.*"

The statute, therefore, provided not only for the creation and existence of a lien, but for its termination unless proceedings were commenced within one year of its filing.

From the allegations in the bill of complaint, it appeared that the claim of lien had been filed more than a year before the commencement of the suit to foreclose. According to the statute, there was no lien in existence at the time of commencement of such suit. The proceedings to foreclose are provided for by statute. Without such statute there would be neither lien nor right to foreclose.

There was, therefore, no lien in existence at the time the bill was filed on which foreclosure could operate. The subject-matter, for which foreclosure was provided by statute, had vanished. The court was not authorized by law to act in proceedings to foreclose, where the lien had disappeared; and because foreclosure of a mechanics' lien is purely statutory; the court could acquire no jurisdiction where on the face of the bill of complaint, it appeared that the rights sought to be enforced, were not only not provided for in such statute but were nonexistent.

"As power over the subject-matter is given by law, nothing but an additional grant from legislative authority can extend that power over a class of cases formerly excepted; and neither the acquiescence of the parties, nor their solicitations, can authorize any court to determine any matter over which the law has not authorized it to act." 1 Freeman on Judgments (5th Ed.), p. 676, § 337.

"The source and general extent of jurisdiction are to be found in the inherent powers of the court or the positive provisions of the law. It is there we must look to see whether the question or matter in controversy is one which the court may in any case entertain. But it is not enough that the court's powers may be found broad enough in the abstract to cover the class of litigation to which the case in question belongs. Mere possession of power to act in respect to a specific subject-matter is of no consequence unless that power is properly invoked. For jurisdiction of the subject-matter of a particular case is something more than the constitutional or statutory power to entertain cases of the general class to which the one in hand belongs; it is that power called into activity, not by the court of its own motion for that would ordinarily be insufficient, but by some act of the suitor concerned and in some mode recognized by law." 1 Freeman on Judgments (5th Ed.), p. 677, § 338.

Jurisdiction does not depend upon the facts, but upon the allegations.

In *Regina* v. *Bolton,* 1 Ad. & El. (N. S.) 66, 72 (113 Eng. Rep. 1054), it was said:

"Where the charge laid before the magistrate, as stated in the information, does not amount in law to the offense over which the statute gives him jurisdiction, his finding the party guilty by his conviction

in the very terms of the statute would not avail to give him jurisdiction.  *  *  *

"The question of jurisdiction does not depend on the truth or falsehood of the charge, but upon its nature: it is determinable on the commencement, not at the conclusion, of the inquiry."

"Jurisdiction always depends upon the allegations and never upon the facts. When a party appears before a judicial tribunal and alleges that a certain right is denied him, *and the law has given the tribunal the power to enforce that right*—his adversary being notified—it must proceed to determine the truth or falsity of his allegations. The truth of the allegations does not constitute jurisdiction. The tribunal must have jurisdiction before it can take any adverse step. Its jurisdiction, necessarily, has to be determined from the allegations, assuming them to be true." Vanfleet's Collateral Attack, p. 76, § 60.

In *Goldberg* v. *Levine,* 199 App. Div. 292 (192 N. Y. Supp. 124, 127), where a landlord attempted before expiration of a lease to resort to proceedings provided by statute for summary removal of the tenant before expiration of the lease, the court said:

"The law is well settled that, where a court is authorized by statute to entertain jurisdiction in a particular case only, if it undertakes to exercise jurisdiction in a case to which the statute has no application, such court thereby acquires no jurisdiction and its judgment or determination when made is a nullity and will be so treated whenever called in question by either direct or collateral attack."

In *Murray* v. *American Surety Co. of New York,* 17 C. C. A. 138 (70 Fed. 341, 346), proceedings were instituted under the bank commissioner's act which authorized the court to enjoin the further carrying on of business by the bank. The lower court, in en-

joining such business, appointed a receiver. The statute contained no provision authorizing such appointment. When the jurisdiction of the court to make such appointment was attacked in collateral proceedings, the court said:

"The judgment of a court having no jurisdiction of the subject-matter or the parties, or the exercise of a power by the court not authorized by the statute in purely statutory proceedings, is utterly null and void, and may be collaterally assailed."

In *Jackson City Bank & Trust Co.* v. *Frederick,* 271 Mich. 538, 544, this court said:

"When there is a want of jurisdiction over the parties, or the subject-matter, no matter what formalities may have been taken by the trial court, the action thereof is void because of its want of jurisdiction, and consequently its proceedings may be questioned collaterally as well as directly. They are of no more value than as though they did not exist."

The foreclosure of a mechanics' lien is purely statutory. The lien, in the instant case, having automatically ceased to exist by operation of the statute, there was nothing upon which foreclosure proceedings could operate. It appearing on the face of the bill of complaint that the lien was void, the court had no jurisdiction in such statutory proceeding to grant a decree of foreclosure. The assumption of jurisdiction by the court entering the decree was not authorized by the statute; such decree is null and void.

The order of the trial court denying plaintiff's petition for writ of assistance is affirmed, with costs to defendants.

Bushnell, Sharpe, Potter, Chandler, and North, JJ., concurred with McAllister, J.

Wiest, C. J. (*concurring*). In concurring I adopt the opinion of the circuit judge, which succinctly

states the governing and elementary principles of law.

"Where a bill of complaint on its face cannot support a decree enforcing a mechanics' lien, by reason of said bill or proceeding having been filed more than one year after the filing of said lien, such a *pro confesso* decree is a nullity and may be attacked upon the application for a writ of assistance under it.

"A court of equity cannot be asked to issue a writ to assist in the enforcement of a decree, which decree the court had no right or power to enter, its attention once being called to such defect by parties having interest in the subject-matter in opposition to such writ.

"The court of equity's jurisdiction of the matter is statutory and must affirmatively appear in said bill as well as plaintiff's strictly statutory right to any mechanics' lien."

Butzel, J., did not sit.