GUERRA v BAR-HAR INVESTMENTS, INC

Docket No. 52907. Submitted December 3, 1981, at Detroit.—Decided January 6, 1982. Leave to appeal applied for.

Domenico Guerra brought an action in Washtenaw Circuit Court against Bar-Har Investments, Inc., Mid-States Mortgage Corporation, Crawford Mechanical, Inc., and Bryn Mawr Apartments of Ypsilanti, Ltd., to foreclose a mechanics' lien. Thereafter, Crawford brought a cross-complaint against Bar-Har for damages for breach of contract. Crawford subsequently filed a counter-complaint and a cross-complaint against Bar-Har and Byrn Mawr, seeking to enforce a mechanics' lien. Following a trial, the court found that Crawford's counter-complaint and cross-complaint was an amendment of its earlier cross-complaint and related back to the earlier complaint. The court also found that Bryn Mawr could be added as a party under the relation back doctrine without prejudice to Bryn Mawr and that Crawford's action therefore was not barred by the applicable period of limitation of actions. The court then entered judgment in favor of Crawford, George H. Alexander, J. Bryn Mawr appeals. *Held:*

1. The trial court properly held that Crawford's amendment related back to its original complaint. The foreclosure complaint arose out of the same transaction or occurrence as the breach of contract complaint, and because the breach of contract complaint was filed within the applicable period of limitation of actions, the trial court had subject matter jurisdiction to hear the matter.

2. The trial court properly allowed the addition of Bryn

REFERENCES FOR POINTS IN HEADNOTES

[1, 2] 51 Am Jur 2d, Limitation of Actions § 217 *et seq.*

. 61A Am Jur 2d, Pleading §§ 337, 338.

Amendment of pleading to add, substitute, or change capacity of, party plaintiff as relating back to date of original pleading, under Rule 15[c] of Federal Rules of Civil Procedure, so as to avoid bar of limitation. 12 ALR Fed 233.

Sufficiency of notice or knowledge required under Rule 15[c][1][2] of Federal Rules of Civil Procedure dealing with relation back of amendments changing parties against whom claim is asserted. 11 ALR Fed 269.

Mawr as a party. Bryn Mawr waived its defenses of lack of jurisdiction and the running of the period of limitation of actions by failing to raise them in a timely fashion.

Affirmed.

1. PLEADING — AMENDMENTS TO PLEADINGS — RELATION BACK DOC-
   TRINE — MECHANICS' LIENS.

   An amendment to a pleading alleging a breach of contract which asserts a claim for foreclosure of a mechanics' lien arising out of the same conduct, transaction, or occurrence alleged in the original pleading relates back to the date of the original pleading, and where the original pleading was filed within the statutory period of limitation of actions such an amendment is not barred by the running of the statute (MCL 570.9, 570.10; MSA 26.289, 26.290, GCR 1963, 118.4).

2. PLEADING — ADDITION OF PARTIES — RELATION BACK DOCTRINE —
   WAIVER.

   Generally, the relation back doctrine does not extend to the addition of new parties to an action; however, where a party to an action fails to raise the defenses of the trial court's lack of jurisdiction over the added party or the running of the applicable period of limitation of actions in a timely fashion, the defenses are waived (GCR 1963, 116.1, 116.2, 118.4).

*Federlein & Grylls, P.C.,* for Crawford Mechanical, Inc.

*Thomas S. Leven,* for Bryn Mawr Apartments of Ypsilanti, Ltd.

Before: DANHOF, C.J., and J. H. GILLIS and BRONSON, JJ.

PER CURIAM. Defendant, cross-defendant Bryn Mawr Apartments of Ypsilanti, Ltd. (Bryn Mawr), appeals from entry of judgment of foreclosure of a mechanics' lien in the amount of $18,969.43 in favor of defendant, cross-plaintiff Crawford Mechanical, Inc. (Crawford).

Crawford entered into an agreement with a general contractor, Bar-Har Investments, Inc. (Bar-Har), under which Crawford supplied labor

and materials for a building project owned by Bryn Mawr. Labor and materials were furnished by Crawford between May 1, 1972, and December 1, 1972. On December 27, 1972, after already having served a notice of intent to claim a lien on Bryn Mawr, Crawford filed its statement of account and lien, notice of intent to claim a lien, and proof of service with the Washtenaw County Register of Deeds.

On June 18, 1973, the original plaintiff in this matter, Domenico Guerra, doing business as Guerra Construction Company (Guerra), filed its complaint to foreclose his own mechanics' lien. Among the defendants named in Guerra's complaint were Bryn Mawr, as owner, Bar-Har, as contractor, and Crawford, as putative lienor.

On October 18, 1973, Crawford filed a cross-complaint against Bar-Har for damages relating to breach of contract. This cross-complaint did not specifically seek relief from Bryn Mawr, nor did it specifically refer to Crawford's mechanics' lien.

On November 19, 1974, Crawford filed what it captioned as a "counter-complaint and cross-complaint" against Bar-Har and Bryn Mawr. This complaint sought to foreclose Crawford's claimed mechanics' lien.

Bryn Mawr filed an answer to Crawford's November 19, 1974, complaint on December 11, 1974. This answer did *not* assert the defense of the statute of limitations, nor did it allege that the trial court lacked personal jurisdiction. Amended answers were filed on January 10, 1979, and on January 16, 1979.

In its written opinion, the trial court found that the November 19, 1974, complaint was an amendment to the October 18, 1973, complaint and that this amendment was made with the court's knowl-

edge and the court's leave. On appeal, Bryn Mawr does not challenge these particular findings by the trial court. The trial court went on to find that the November, 1974, pleading related back to the October, 1973, pleading and that Bryn Mawr could be added as a party under the relation back doctrine. Furthermore, the trial court found that under all the facts and circumstances of this case Bryn Mawr was not prejudiced by the amendment and, additionally, that Crawford's action against Bryn Mawr was not barred by the statute of limitations.

On appeal, Bryn Mawr argues that because Crawford's complaint to foreclose its lien was filed after the applicable statute of limitations period, MCL 570.9, 570.10; MSA 26.289, 26.290, the trial court lacked subject matter jurisdiction to adjudicate the claim. Alternatively, Bryn Mawr argues that if the trial court did have jurisdiction it erred in its application of the relation back doctrine to the instant case.

In support of its position that the trial court lacked subject matter jurisdiction, Bryn Mawr relies, primarily, on *Fox v Martin,* 287 Mich 147; 283 NW 9 (1938), and *L J Mueller Furnace Co v Wayne Circuit Judge,* 226 Mich 672; 198 NW 248 (1924).

We agree with Bryn Mawr that both in *Fox* and in *Mueller,* there is language to the effect that where a complaint to foreclose a mechanics' lien is filed after the one-year statutory limitation period has run, the trial court has no subject matter jurisdiction upon which foreclosure proceedings can operate. However, we disagree with Bryn Mawr's conclusion that *Fox* and *Mueller* are controlling as to the instant case and require a finding that the trial court lacked subject matter jurisdiction to adjudicate Crawford's claim.

Neither *Fox* nor *Mueller,* as opposed to the instant case, dealt with amendments to a pleading where the original pleading was, arguably, filed within the limitations period. Furthermore, neither of these cases dealt with the application of the relation back doctrine found in GCR 1963, 118.4. In our view, as in the trial court's, the critical question in the instant case is whether, under GCR 1963, 118.4, the November, 1974, pleading relates back to the October, 1973, pleading. If it does, the trial court had subject matter jurisdiction.

In determining whether an amendment to pleadings relates back to the earlier pleadings, the test is whether the amendment arose out of the same conduct, transaction, or occurrence alleged in the original pleadings. GCR 1963, 118.4. See also *Matson v Soronen,* 57 Mich App 190; 226 NW2d 52 (1974), *lv den* 394 Mich 762 (1975). The occurrence or transaction underlying both the October, 1973, contract complaint and the November 19, 1974, foreclosure complaint was Crawford's inability to collect payment for labor and materials used for construction on Bryn Mawr's property. Since both complaints relate to the same labor and materials supplied by Crawford and to Crawford's inability to collect thereon, the trial court correctly found that the November 19, 1974, foreclosure complaint arose from the same transaction or occurrence as the October 18, 1973, breach of contract complaint. Because the foreclosure complaint relates back to the breach of contract complaint, which was filed within the statutory period, under the relation back doctrine the lower court possessed subject matter jurisdiction.

As an alternative to its lack of jurisdiction argument, Bryn Mawr contends that if the relation

back doctrine is applicable to the instant case that doctrine does not extend to the addition of parties.

We agree that as a general rule the relation back doctrine does not extend to the addition of new parties. See *Forest v Parmalee (On Rehearing),* 60 Mich App 401, 406-407; 231 NW2d 378 (1975), *aff'd* 402 Mich 348 (1978). However, we find that this general rule is not applicable in the instant case since Bryn Mawr failed to raise the statute of limitations defense (which would have given the trial court an opportunity to address the applicability of the relation back doctrine) in a timely fashion. GCR 1963, 116.1. More importantly, Bryn Mawr failed to raise the defense of lack of jurisdiction over the person in a timely fashion. Thus, Bryn Mawr has waived this defense. GCR 1963, 116.2.

Affirmed. Costs to defendant, cross-plaintiff-appellee.