# STATE OF MICHIGAN

# COURT OF APPEALS

MARKETPLACE OF ROCHESTER HILLS
PARCEL B, LLC, MARKETPLACE OF
ROCHESTER HILLS PARCEL C, LLC,
MARKETPLACE OF ROCHESTER HILLS
PARCEL D, LLC, and MARKETPLACE OF
ROCHESTER HILLS PARCEL G, LLC,

   Plaintiffs-Appellants,

v

COMERICA BANK,

   Defendant-Appellee.

FOR PUBLICATION
March 17, 2015
9:00 a.m.

No. 318894
Oakland Circuit Court
LC No. 2013-134395-CB

Before: BOONSTRA, P.J., and SAWYER and O'CONNELL, JJ.

O'CONNELL, J.

Plaintiffs (collectively "Marketplace") appeal as of right the trial court's order granting Comerica Bank's motion for summary disposition under MCR 2.116(C)(8). At issue in the present case is whether the bank's prior action (the "guaranty action"), principally against the guarantors of Marketplace's mortgage, prevents the bank from exercising its remedies under the parties' mortgage. For the reasons stated in this opinion, we affirm the decision of the learned trial court.[1]

## I. FACTS AND PROCEDURAL HISTORY

In 2007, the bank loaned Marketplace about $25 million. The bank secured the loan with a mortgage on Marketplace's property, a regional shopping center in Rochester Hills. As additional security for the loan, Steven Grand and Gary Sakwa, individually and as trustees of the Stephen Grand Property Trust and the Gary Sakwa Living Trust respectively (collectively,

---

[1] In the present case, Marketplace confusingly claims that the bank is estopped from asserting its rights under the parties' mortgage because the bank should have, but did not, assert any claims involving the mortgage in the prior guaranty case. Marketplace's argument is essentially a reverse res judicata argument.

-1-

the guarantors), executed guaranty agreements under which they guaranteed Marketplace's payment obligations. As part of the mortgage, Marketplace agreed that the bank could collect rents and profits from Marketplace's tenants in the event of a default. The parties' mortgage also provided a successive remedies clause:

> All remedies provided in this Mortgage are distinct and cumulative to any other right or remedy under this Mortgage, any other agreement or afforded by law, and may be exercised concurrently, independently or successively.

In August 2012, the bank filed a complaint against Marketplace and the guarantors. In its complaint, the bank asserted that the loan was in default and alleged a breach of guaranty claim against the guarantors. It also sought appointment of a receiver. In February 2013, Marketplace filed a counterclaim, in which Marketplace alleged various breaches of the loan documents, abuse of process, tortious interference, and conversion. The parties assert that the trial court dismissed the action with prejudice after the parties accepted a case evaluation.[2]

In June 2013, Marketplace filed the instant action, alleging claims of conversion and tortious interference and seeking declaratory and injunctive relief to quiet title. Marketplace asserted that the bank was improperly asking Marketplace's tenants to pay their rents directly to the bank. According to Marketplace, the bank could no longer assert rights under the mortgage because it should have, but did not, assert any claims involving the mortgage in the prior case.

The bank promptly moved for summary disposition under MCR 2.116(C)(8). The bank contended that the settlement in the prior action released the guarantors from their obligations under the guaranty agreements but did not release Marketplace from its obligations under the mortgage. The bank also contended that Marketplace waived its res judicata argument because it agreed in the mortgage that the bank could pursue its remedies successively.

In October 2013, the trial court granted the bank's motion for summary disposition. It determined that res judicata did not apply because the bank had not brought an action against Marketplace. It further opined that Marketplace had waived any res judicata argument by agreeing in the mortgage that the bank could pursue its rights successively. Finally, it determined that the bank's potential claims under the mortgage did not involve the same transaction as the bank's claims against the guarantors.

Marketplace now appeals. First, Marketplace contends that joinder rules required the bank to join its possible foreclosure claim against Marketplace in the prior action. Second, it contends that res judicata bars the bank from raising these claims in a successive suit. Under Marketplace's theory, because the bank has no claims that it could bring against Marketplace under the mortgage, it has no right to enforce the mortgage, and its present actions to collect rents from Marketplace's tenants are improper. The bank responds that Marketplace's action is premature. The bank also responds that the successive remedies clause allowed it to bring

---

[2] Neither the prior orders nor the case evaluation sheet is available in the lower court record.

successive actions against Marketplace and the guarantors, regardless of the language of MCR 2.203(A).

## II. STANDARDS OF REVIEW

This Court reviews de novo issues of res judicata. *Pierson Sand & Gravel, Inc v Keeler Brass Co*, 460 Mich 372, 379; 596 NW2d 153 (1999). We review de novo issues of standing, including issues of ripeness. See *Huntington Woods v Detroit*, 279 Mich App 603, 614; 761 NW2d 127 (2008). We also review de novo a trial court's ruling on a motion for summary disposition. *Maiden v Rozwood*, 461 Mich 109, 118; 597 NW2d 817 (1999).

A party may move for summary disposition under MCR 2.116(C)(8) if the opposing party has failed to state a claim on which relief can be granted. However, when the trial court relies on facts outside the pleadings to decide the motion, we review the motion as though the trial court granted it under MCR 2.116(C)(10). *Kefgen v Davidson*, 241 Mich App 611, 616; 617 NW2d 351 (2000). A party is entitled to summary disposition under MCR 2.116(C)(10) if "there is no genuine issue as to any material fact, and the moving party is entitled to judgment . . . as a matter of law."

## III. RIPENESS

As an initial matter, the bank contends that Marketplace's action is premature. We disagree.

The doctrine of ripeness is a standing doctrine that "focuses on the *timing* of the action." *Mich Chiropractic Council v Comm'r of the Office of Fin and Ins Servs*, 475 Mich 363, 379; 716 NW2d 561 (2006), overruled in part on other grounds in *Lansing Schs Ed Ass'n v Lansing Bd of Ed*, 487 Mich 349 (2010). The ripeness doctrine provides a party must have sustained an actual injury to bring a claim. *Huntington Woods*, 279 Mich App at 615. A party may not premise an action on a hypothetical controversy. *Id*.

The bank contends that Marketplace's claims are merely hypothetical and based on a possible future foreclosure that has not yet occurred. However, Marketplace alleged that the bank "sent another notice to the tenants of the Shopping Center directing them to make all payments to [the bank] . . . ." If Marketplace's assertions regarding the validity of the mortgage in light of the prior action are correct, the bank has no right to ask Marketplace's tenants to make payments to it under the mortgage. The deprivation of rents is an actual injury. Accordingly, we conclude that Marketplace's claims were ripe for adjudication.

## IV. JOINDER

Marketplace contends that the bank was required to state a claim for foreclosure in the prior action because any possible foreclosure action and the prior guaranty action both arose out of the mortgage. We disagree.

MCR 2.203 provides the rules for compulsory and permissive joinder of claims:

**(A)  Compulsory Joinder.**  In a pleading that states a claim against an opposing party, the pleading must join every claim that the pleader has against that opposing party at the time of serving the pleading, if it arises out of the transaction or occurrence that is the subject matter of the action and does not require for its adjudication the presence of third parties over whom the court cannot acquire jurisdiction.

**(B)  Permissive Joinder.**  A pleader may join as either independent or alternate claims as many claims, legal or equitable, as the pleader has against an opposing party. . . .

Two claims arise out of the same transaction or occurrence if "the same facts or evidence are essential to the maintenance of the two actions." *Jones v State Farm Mut Auto Ins Co*, 202 Mich App 393, 401; 509 NW2d 829 (1993).  "A comparison of the grounds asserted for relief is not a proper test." *Id*.

As an initial matter, the bank argues that it brought claims in the prior suit against the guarantors only and that Marketplace was not a party to the prior action.  The bank is incorrect.  The complaint clearly lists the Marketplace parties as defendants in the prior action.  As part of that action, the bank alleged that Marketplace was in default and requested that Marketplace deliver possession and control of the property to a receiver.  Accordingly, the prior complaint stated a claim against Marketplace.  Further, Marketplace filed several counterclaims on the basis of the mortgage itself.  Even if the bank was entitled to successively proceed against the guarantors, the bank did not actually do so in this case.  Marketplace was an opposing party in the prior action.

Accordingly, we must determine whether MCR 2.203(A) required the bank to join all of its possible claims against Marketplace in the guaranty action.  We conclude that the bank did not have to do so because the prior case, which was principally based on the guaranty agreements (as well as a default status necessitating protection through receivership), concerned a different transaction or occurrence than any potential foreclosure claim against Marketplace.

In both actions, the bank's claims rested on the fact that Marketplace had defaulted on the mortgage.  But this is only one fact—it does not mean that the same facts and evidence are essential to maintain both actions.  In order to establish a breach of guaranty, the bank had to establish that (1) there was a valid contract, (2) the guarantors breached that contract, and (3) it suffered damages.  See *Comerica Bank v Cohen*, 291 Mich App 40, 54; 805 NW2d 544 (2010) (stating that a guaranty is like any other contract); *Stoken v J E T Electronics & Technology, Inc*, 174 Mich App 457, 463; 436 NW2d 389 (1988) (stating the elements of a breach of contract).  And in order to justify the appointment of a receiver, the bank had to establish that a receiver was necessary to prevent fraud or protect against the imminent danger of the loss of property.  *Weathervane Window, Inc v White Lake Constr Co*, 192 Mich App 316, 322; 480 NW2d 337 (1991).  In contrast, to establish a right to judicial foreclosure, the bank would have to establish that it met the statutory requirements for foreclosure, including that a debt was secured by the mortgage.  See MCL 600.3105(3).  The bank would also have to establish that judicial foreclosure was equitable.  See *Senters v Ottawa Savings Bank, FSB*, 443 Mich 45, 56; 503 NW2d 639 (1993); *Mich Trust Co v Cody*, 264 Mich 258, 263; 249 NW2d 844 (1933).  The bank

did not need to establish these facts in the guaranty action. Thus, while some facts may have overlapped (such as whether Marketplace defaulted on the mortgage), the same facts and evidence were not essential to both actions.

We conclude that MCR 2.203(A) did not require the bank to join any claims for foreclosure in the guaranty action. Accordingly, the trial court properly determined that the bank did not need to state any foreclosure claims it may have had against Marketplace in the prior case. Stated another way, MCR 2.203 did not require the bank to join its guaranty and foreclosure claims in the first place.

## V. CASE EVALUATION AND RES JUDICATA

Marketplace next contends that the trial court improperly concluded that res judicata could not apply. The bank contended that Marketplace could only raise a res judicata argument as a defense in an action for foreclosure brought by the bank, and the trial court agreed, determining that res judicata is a defense that Marketplace could only assert in a successive action against it by the bank. We conclude that the trial court erred when it determined that Marketplace was only entitled to bring res judicata as a defense, but we conclude that the trial court properly determined that res judicata would not bar the bank from enforcing the mortgage against Marketplace.

A party may be entitled to judgment as a matter of law on the basis of a prior judgment. MCR 2.116(C)(7). The doctrine of res judicata "prevents[s] multiple suits litigating the same cause of action." *Adair v Michigan*, 470 Mich 105, 121; 680 NW2d 386 (2004). Res judicata bars a subsequent action when "(1) the prior action was decided on the merits, (2) both actions involve the same parties or their privies, and (3) the matter in the second case was, or could have been, resolved in the first." *Id*. Res judicata bars "every claim *arising from the same transaction* that the parties, exercising reasonable diligence, could have raised but did not." *Id*. (Emphasis added). Just as with compulsory joinder, claims arise from the same transaction for the purpose of res judicata if they concern identical evidence or essential facts. See *Id*. at 123.

Parties typically use the doctrine of res judicata as a shield rather than as a sword. But no case law indicates that res judicata is a "defense" that only a defendant may use to seek judgment as a matter of law. To the contrary, plaintiffs in other cases have claimed res judicata. See *Fox v Martin*, 287 Mich 147, 149; 283 NW 9 (1938). And MCR 2.116(C)(7), which provides that a party may be entitled to judgment as a matter of law on the basis of a prior judgment, not only refers to "dismissal of action" but also to "entry of judgment" as relief that the trial court may grant. We conclude that nothing precludes a plaintiff from asserting res judicata as a ground for judgment if the plaintiff has asserted a ripe claim. Accordingly, the trial court erred when it determined that Marketplace could not assert res judicata because this case did not involve a second suit by the bank against Marketplace.

Accordingly, we consider the trial court's alternative ground for granting summary disposition: that res judicata did not apply to bar the bank from seeking remedies under the mortgage because the actions did not involve the same transaction or occurrence. Marketplace premises its entire case on its assertion that the prior action bars the bank from enforcing the mortgage in any future action. But, as we have previously discussed, Marketplace is wrong. The

guaranty action did not arise from the same transaction or occurrence as the bank's potential actions under the mortgage. Because Marketplace's entire suit was based on the faulty premise that any future action on the part of the bank would be barred by res judicata, we conclude that the trial court properly granted summary disposition in favor of the bank.

We affirm. The bank may tax costs as the prevailing party. MCR 7.219(A).

/s/ Peter D. O'Connell
/s/ Mark T. Boonstra
/s/ David H. Sawyer