*If this opinion indicates that it is "FOR PUBLICATION," it is subject to revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

KARLENE LEHMAN,

Plaintiff-Appellant,

v

S&S ACQUISITIONS GROUP, LLC,

Defendant-Appellee,

and

CHARTWELL CONDOMINIUM HOMEOWNERS
ASSOCIATION,

Defendant.

UNPUBLISHED
December 22, 2022

No. 360412
Ingham Circuit Court
LC No. 21-000550-CH

Before: SHAPIRO, P.J., and BORRELLO and YATES, JJ.

PER CURIAM.

Defendant S&S Acquisitions Group, LLC, purchased plaintiff Karlene Lehman's condominium unit at a foreclosure auction. After the redemption period expired and S&S filed possession proceedings, Lehman brought the instant action to set aside the foreclosure sale, among other claims. The trial court granted summary disposition to S&S, determining that the alleged invalid lien that resulted in foreclosure did not warrant setting aside the sale and any claim regarding the lien must be pursued against the condominium association. Lehman then dismissed defendant Chartwell Condominium Homeowners Association from the case without prejudice and brought this appeal, challenging the grant of summary disposition to S&S. For the reasons stated in this opinion, we affirm.

## I. BACKGROUND

Plaintiff has been the record owner of a unit in Chartwell Condominium since 2002. The records provided by the parties show that since at least 2014 Lehman has paid the monthly

assessment fees via an electronic funds transfer from her checking account. In addition to the monthly assessment, amounts were deducted toward a balanced owed for a roof assessment.

On April 29, 2019, Chartwell recorded a lien on plaintiff's unit for unpaid assessments in the amount of $1,065.36. On the same day, plaintiff e-mailed Chartwell's property manager, Janet Harmon, stating her understanding that Chartwell had not been withdrawing the "quarterly assessments" from her account, requesting a ledger explaining the amounts that were being deducted, and authorizing Harmon to withdraw from her checking account "whatever special assessment fees are currently due." Despite plaintiff's authorization, no additional funds were withdrawn to address the amount owed under the lien. Amounts stopped being deducted from plaintiff's account altogether in October 2019.

By June 2020, plaintiff had an outstanding balance of about $8,000 in assessments. After letters were sent to plaintiff to set up a payment plan and avoid foreclosure, in October 2020, Chartwell commenced foreclosure proceedings on plaintiff's condominium unit. S&S purchased the property at a foreclosure auction in November 2020 for $12,286.31. According to plaintiff, the property is valued at over $192,000. In an affidavit, plaintiff averred that she was in Florida caring for her ailing mother at all pertinent times with respect to the foreclosure, and that she had no knowledge of the foreclosure or sale.

After the redemption period expired on June 28, 2021, S&S filed a complaint for possession of the property in district court.[1] Plaintiff then filed the instant action, raising various claims against S&S and Chartwell.[2] Plaintiff alleged, in part, a wrongful foreclosure because notice of the foreclosure sale had not been posted in a conspicuous place on the property as required by MCL 600.3208. In its motion for summary disposition under MCR 2.116(C)(8) and (C)(10), however, S&S produced an affidavit from an Ingham County Sheriff's Deputy attesting to personally posting notice of the foreclosure sale on the property. Accordingly, S&S argued that there was no defect in the foreclosure proceedings that would warrant setting the sale, and even if there was such a defect, plaintiff could not show prejudice. In response, plaintiff now argued that the lien placed on her property was invalid and should not have been recorded when she had made timely assessment payments for years.

At the motion hearing, plaintiff's counsel reiterated that the central issue in this case was whether the lien was valid when it was recorded. The trial court granted summary disposition to S&S, determining that S&S was a bona fide purchaser and any claim pertaining to the alleged valid lien could not be relied on to set aside the foreclosure sale and instead must be pursued

---

[1] According to the parties, S&S received a judgment of possession in the district court and appealed to the circuit court, which stayed the judgment of possession pending the outcome of this appeal.

[2] Plaintiff initially obtained an ex parte temporary restraining order (TRO) in this case against S&S staying the district court proceedings. After a show-cause hearing, the circuit court lifted the stay and denied the TRO.

against Chartwell.  As noted, plaintiff then voluntarily dismissed Chartwell from this case without prejudice, and this appeal followed.

## II.  DISCUSSION

Plaintiff argues that the trial court erred by granting summary disposition before allowing further discovery pertaining to the validity of the lien.  We disagree.[3]

Courts are "generally disinclined to set aside a foreclosure and sale in the absence of fraud, accident, mistake, or significant irregularities." *Ypsilanti Charter Twp v Kircher*, 281 Mich App 251, 285; 761 NW2d 761 (2008) (quotation marks and citation omitted).  In *Kircher*, "the irregularities . . . were fundamental defects that went to the very validity of the purported lien itself."  We held that the foreclosed-upon lien in that case "was entirely unauthorized by law.  And because the lien was void, 'there was nothing upon which foreclosure proceedings could operate.' " *Id.*, quoting *Fox v Martin*, 287 Mich 147, 153; 283 NW 9 (1938).  Accordingly, we set aside the foreclosure and sale. *Id.*

Given *Kircher* and the caselaw it relied upon, we conclude that the trial court erred to the extent it held that plaintiff could not challenge the foreclosure sale on the basis of an alleged invalid lien.  However, we conclude that summary disposition in favor of S&S is nonetheless appropriate because plaintiff has not demonstrated a genuine issue of material fact regarding the validity of the lien or that there is a "fair likelihood that further discovery will yield support for the nonmoving party's position." *Liparoto Const, Inc v Gen Shale Brick, Inc*, 284 Mich App 25, 33; 772 NW2d 801 (2009).

It is clear that the lien in this case was authorized by law.  Under the Condominium Act, MCL 559.101 *et seq.*, "[s]ums assessed to a co-owner by the association of co-owners that are unpaid  . . . constitute a lien upon the unit or units in the project owned by the co-owner at the time of the assessment . . . ."  MCL 559.208(1).  "The lien may be foreclosed by an action or by advertisement by the association of co-owners in the name of the condominium project on behalf of the other co-owners."  MCL 559.208(1).  Further, plaintiff's individual assessment ledger shows that she had unpaid assessments at the time the lien was recorded.  Plaintiff argues that instead of recording the lien, Chartwell should have withdrawn the amount owed from her checking account, as she authorized Harmon to do.  We make no comments at this time on the merits of any claim

---

[3] We review de novo motions for summary disposition.  See *Spiek v Dep't of Transp*, 456 Mich 331, 337; 572 NW2d 201 (1998).  The trial court did not specify under which subrule it granted summary disposition.  Because the parties submitted documentary evidence in connection with the motion, we will construe it as having been granted under MCR 2.116(C)(10).  See *Cuddington v United Health Servs, Inc*, 298 Mich App 264, 270; 826 NW2d 519 (2012).  When reviewing motions under this subrule, "[t]he court must consider the affidavits, pleadings, depositions, admissions, and other documentary evidence submitted by the parties in the light most favorable to the party opposing the motion." *Liparoto Const, Inc v Gen Shale Brick, Inc*, 284 Mich App 25, 29; 772 NW2d 801 (2009).  "A genuine issue of material fact exists when the record, giving the benefit of reasonable doubt to the opposing party, leaves open an issue upon which reasonable minds might differ." *West v Gen Motors Corp*, 469 Mich 177, 183; 665 NW2d 468 (2003).

plaintiff may have against Chartwell. However, plaintiff has not cited any legal authority supporting the proposition that a lienholder's failure to withdraw the amount owed from the debtor's checking account renders the lien invalid.

Moreover, we note that plaintiff had knowledge of the lien, and despite authorizing additional withdrawals from her account, she could reasonably infer from the absence of those withdrawals that Chartwell did not take funds from her account to pay off the lien. We also note that Chartwell's last withdrawal from plaintiff's checking account was made in September 2019 and foreclosure was not initiated until October 2020. To the extent that plaintiff claims the unpaid assessments were the result of accounting errors, she does not support that contention with citations to the record or specific arguments based on the facts of this case, referring only to Chartwell's "shoddy accounting practices" without further detail. Nor does plaintiff adequately explain what further discovery she seeks or how it would support her claim.

For these reasons, we conclude that the trial court correctly declined to set aside the foreclosure and sale on the basis of an invalid lien and that no further discovery would support voiding the foreclosure.

Although plaintiff initially alleged that the statutory notice requirements were not met in this case, she has not pursued this claim since S&S produced an affidavit from a deputy attesting to compliance with MCL 600.3208's posting requirement. Accordingly, there is no alleged statutory defect in the foreclosure proceedings to analyze under the framework established by *Kim v JPMorgan Chase Bank, NA*, 493 Mich 98; 825 NW2d 329 (2012). See also *Diem v Sallie Mae Home Loans, Inc*, 307 Mich App 204, 210-211; 859 NW2d 238 (2014). And because plaintiff does not identify a defect in the foreclosure proceedings, it is unnecessary for us to address her secondary argument that S&S was not a bona fide purchaser for value. See *In re Gerald L Pollack Trust*, 309 Mich App 125, 154; 867 NW2d 884 (2015) ("This Court generally does not address moot questions or declare legal principles that have no practical effect in a case.").

Affirmed.

/s/ Douglas B. Shapiro
/s/ Stephen L. Borrello
/s/ Christopher P. Yates

-4-