MOTOR CITY ENGINEERING CO. v. FRED E. HOLMES CO.

1. CORPORATIONS—DEFAULT—SUSPENSION OF POWER TO SUE IN-
   CLUDES POWER TO CONTINUE ACTION TO CONCLUSION.
      A corporation which is in default for failure to pay fee
      and file its annual report, as required by section 5, chap.
      2, pt. 5, Act No. 84, Pub. Acts 1921, is not authorized to
      continue an action at law begun before the default oc-
      curred, since the corporate powers suspended by section
      6, chap. 2, pt. 5, of said act, in case of default, includes
      the right to sue (section 1, chap. 1, pt. 2, Act No. 84,
      Pub. Acts 1921), which means not only power to com-
      mence but to continue legal proceedings to conclusion.

2. SAME—POWER TO CONTINUE ACTION—FORFEITURE OF CHARTER
   NOT AUTOMATIC.
      A corporation which may not maintain an action at law
      because its corporate power to sue has been suspended
      under section 6, chap. 2, pt. 5, Act No. 84, Pub. Acts 1921,
      for failure to pay fee and file its annual report, may not
      maintain it on the theory that its charter is forfeited and
      that it may prosecute said action toward settling and
      closing its affairs under section 6, chap. 4, pt. 1, of said
      act, where no judicial proceeding to declare a forfeiture
      has been brought, since Act No. 172, Pub. Acts 1923, amend-
      ing the former act and providing for forfeiture of charter
      in case of default for two consecutive years, is not self-
      executing.

Case-made from Wayne; Dingeman (Harry J.), J.
Submitted October 6, 1927. (Docket No. 38.) De-
cided January 3, 1928.

Assumpsit by the Motor City Engineering Company
against the Fred E. Holmes Company for breach of a
contract of sale. Judgment of nonsuit. Plaintiff
appeals. Affirmed.

---

[1]Corporations, 14a C. J. § 2863 (Anno); [2]Id., 14a C. J. § 2863
(Anno).

*Walter Schweikart* and *Julien Winterhalter,* for appellant.

*MacKay, Wiley, Streeter, Smith & Tucker,* for appellee.

CLARK, J.   In May, 1924, plaintiff, a Michigan corporation, began this suit against defendant, a Michigan corporation, to recover damages for an averred breach of contract, and for items claimed on open account. Plaintiff did not pay fee and file its annual report for 1923, due August, 1924, nor for the years 1924 and 1925.   Section 5, chap. 2, pt. 5, Act No. 84, Pub. Acts 1921 (Comp. Laws Supp. 1922, § 9053 [173]).   At the trial plaintiff's right to prosecute the case was challenged on statutory ground.   Section 6, chap. 2, pt. 5, Act No. 84, Pub. Acts 1921 (Comp. Laws Supp. 1922, § 9053 [174]).   We quote from the section:

\*   \*   \*   "If any corporation neglects or refuses to make and file reports required by this chapter within the time herein specified, and shall continue in default for ten days thereafter, its corporate powers shall be suspended thereafter until it shall file such report, and it shall not maintain an action in any court of this State upon any contract entered into during the time of such default."   \*   \*   \*

Defendant had judgment, which plaintiff reviews on case-made.

The averred cause of action arose and the suit was commenced while plaintiff was not in default.   The last clause from section 6, above quoted, relating to action upon contract entered into during the time of default, therefore does not apply.   But there is a further provision that corporate powers shall be suspended.   One of such is the power to sue.   Section 1, chap. 1, pt. 2, Act No. 84, Pub. Acts 1921 (Comp. Laws Supp. 1922, § 9053 [40]).   Power to sue means more than power to commence suit; it includes as well

power to prosecute the suit to effect; power not only to commence but to continue legal proceedings to conclusion.    One of the powers suspended is the power to sue.    So plaintiff, being in default, could not prosecute its suit.

Plaintiff calls attention to a section added by Act No. 172, Pub. Acts 1923:

"SECTION 7. Any corporation which has heretofore under any existing law been required to file an annual report with and pay a franchise fee or tax to the secretary of State, and shall have neglected or refused to file such reports or to pay such fee or tax for two consecutive years next preceding the first day of September, nineteen hundred twenty-three, the charter of such corporation shall after such date be void, unless the secretary of State shall for good cause shown extend the time for filing of such report or the payment of such fee or tax; and if any corporation which is now or may hereafter be required to file its annual report with and pay a franchise fee or tax to the secretary of State, shall for two consecutive years neglect or refuse to file such report or to pay such fee or tax, the charter of such corporation shall be void unless the secretary of State shall for good cause shown extend the time for the filing of such report or the payment of such fee or tax as the case may be.    In case of an extension of time as provided in this section, the secretary of State shall file in his office a certificate showing the length of time granted by such extension: *Provided,* That in no case shall the total extension of time granted be more than one year."

It contends that under and because of the above section its charter has been forfeited and is void, and it insists that because of section 6, chap. 4, pt. 1, Act No. 84, Pub. Acts 1921 (Comp. Laws Supp. 1922, § 9053 [32]),

"All corporations whose charter shall expire by their own limitation or shall be annulled by forfeiture, or otherwise, shall nevertheless continue to be bodies corporate for the further term of three years for the

purpose of prosecuting and defending suits by or against them and of enabling them gradually to settle and close their affairs, to dispose of and convey their property, and to divide their capital stock; but not for the purpose of continuing the business for which such corporations were organized,"

it may prosecute this suit toward settling and closing its affairs. The infirmity of this contention is that the charter did not automatically become forfeited and void by its failure for two consecutive years to file the reports. The statute is not self-executing. This matter is fully considered in the recent case of *Turner* v. *Western Hydro-Electric Co., ante,* 6, which, we think, need not be quoted.

No other question calls for discussion.

Judgment affirmed.

FLANNIGAN, C. J., and FELLOWS, WIEST, McDONALD, BIRD, and SHARPE, JJ., concurred.

The late Justice SNOW took no part in this decision.