NEDEAU *v.* UNITED PETROLEUM.

1. Corporations—Constitutional Definition.

Corporation code (Act No. 84, Pub. Acts 1921) and Act No. 85, Pub. Acts 1921, providing for organization, powers, and privileges of corporations, associations, and partnerships, *held*, applicable to corporations as defined in Constitution (article 12, § 2).

2. Same—Trusts Subject to Corporation Statutes.

Trust created under 3 Comp. Laws 1915, §§ 11565, 11575, for purpose of limiting personal liability of investors therein, providing for issuance of negotiable certificates of interest transferable only on books of trustee, and providing that on death of stockholder his personal representative should succeed to his interest in trust property is corporation within definition in Constitution (article 12, § 2), and therefore subject to provisions of section 6, chap. 2, pt. 5, Act No. 84, Pub. Acts 1921, requiring corporations to file annual report, and suspending corporate powers while in default.

3. Same—Reports—Default—Right to Maintain Suit.

Trust, in effect corporation, may not maintain suit while in default in filing annual report required by section 6, chap. 2, pt. 5, Act No. 84, Pub. Acts 1921.

Appeal from Muskegon; Vanderwerp (John), J. Submitted June 17, 1930. (Docket No. 72, Calendar No. 35,016.) Decided October 3, 1930. Rehearing denied January 23, 1931.

Bill by Harvey I. Nedeau and others, as trustees for the Beaver Oil Company, a common-law trust, and Albert Peters against United Petroleum, a Michigan corporation, to terminate an oil and gas lease and for an accounting. From a decree for plaintiffs, defendant appeals. Reversed without prejudice.

*Alexis J. Rogoski,* for plaintiffs.

*Cross, Foote & Sessions* and *Joseph R. Gillard,* for defendant.

SHARPE, J. On January 8, 1929, Albert Peters executed an oil and gas mining lease of five and one-half acres of land owned by him in the county of Muskegon to Harvey I. Nedeau, "trustee for the Beaver Oil Company." On January 17th following, an agreement and declaration of trust was entered into between Nedeau, Hans Johnson, and Edward Hesse, as trustees, the then holders of the lease, and E. K. Chamberlin and a large number of other persons named therein as beneficiaries, to whom certificates of beneficial interest were issued, for the purpose of developing the above and other land for oil and gas. The name assumed was Beaver Oil Company.

On August 1, 1929, the above-named trustees, acting as such for the Beaver Oil Company, assigned to the defendant all their right, title, and interest in the Peters lease, on condition that they should receive three-eighths of all oil and gas produced from the land, to be delivered to a pipe line which they should

connect with the wells put down thereon. The defendant agreed to "diligently and properly" develop the leased premises, and that, upon a breach in its undertakings, the trustees would be entitled to a reconveyance thereof.

Two wells were put down on the premises in April and June of 1929. They were operated but a short time. Claiming a breach in the conditions of the assignment, the trustees and Peters as plaintiffs filed the bill of complaint herein, praying therein that defendant's rights thereunder be declared terminated and at an end, and that it be required to reassign the lease to the trustees. An accounting of the oil produced is also sought. The answer of the defendant, while admitting the execution of the assignment agreement, denies any violation of its terms.

The court found that plaintiffs were entitled to the relief prayed for, and so decreed. Defendant has appealed. Its counsel do not make claim that the proofs were insufficient to support the decree granting a reconveyance of the leasehold interests. They insist that the Beaver Oil Company is in law a corporation, and that its failure to file its annual report and pay the statutory fees bars its right to recover.

The plaintiffs contend: "The declaration of trust readily discloses that the Beaver Oil Company is and was at the time of the commencement of this suit, a common-law trust," and not subject to the statutory provisions relating to corporations.

The provisions of the trust agreement are so similar to those considered in *People* v. *Clum,* 213 Mich. 651 (15 A. L. R. 253); *Forgan* v. *Mackie,* 232 Mich. 476; and *Hemphill* v. *Orloff,* 238 Mich. 508 (58 A. L. R. 507), that they need not be set out at length. In

all of these cases the trust was organized outside the State, and it was held in the latter case that it was in effect a foreign corporation, and, not having complied with the statutory provisions relative thereto, could not maintain an action in the courts of this State. The trust agreement before us was executed in this State, and the trustees and beneficiaries, as far as the record discloses, are all residents of Michigan.

Section 2 of article 12 of our State Constitution reads as follows:

"The term 'corporation' as used in this article shall be construed to include all associations and joint stock companies having any of the powers or privileges of corporations not possessed by individuals or partnerships."

If the legislature, when passing Act No. 84, Pub. Acts 1921 (Comp. Laws Supp. 1922, § 9053 [1] *et seq.*), entitled:

"An act to provide for the organization, regulation and classification of domestic corporations," etc.,

—and Act No. 85, Pub. Acts 1921 (Comp. Laws Supp. 1922, § 11361 [1] *et seq.*), entitled:

"An act prescribing the fees, taxes and charges to be paid to the State by corporations doing or seeking to do business in this State," etc.,

—intended thereby to make these acts inclusive of the term as defined in the Constitution, there can be no question but that the "Beaver Oil Company" (the name under which the trustees in their collective capacity are designated in the trust agreement) is a corporation.

The term "corporation" is not expressly defined in Act No. 84. Section 10 of chapter 1 of part 1,

however, provides that: "The terms 'company,' 'association,' and 'society,' shall be deemed to be synonymous to the term 'corporation.' " In section 3 of Act No. 85, as amended by Act No. 233, Pub. Acts 1923, the term "corporation" is defined as follows:

"The term 'corporation' as used in this act shall be deemed to include partnership associations, limited, whether domestic or foreign, all joint stock associations having any of the powers of corporations, and such common law trusts or trusts created by statute of this or any other State or country exercising common law powers in the nature of corporations, in addition to such other corporations as are referred to in this act."

It is urged that this definition is not applicable to the Beaver Oil Company because it is not "created by statute" of this State; that it is a common-law trust.

Our statute relating to uses and trusts will be found in section 11565 *et seq.,* 3 Comp. Laws 1915. Section 11565:

"Uses and trusts, except as authorized and modified in this chapter, are abolished; and every estate and interest in lands shall be deemed a legal right, cognizable as such in the courts of law, except when otherwise provided in this title."

Section 11575:

"Express trusts may be created for any or either of the following purposes: * * *

"5. For the beneficial interest of any person or persons, when such trust is fully expressed and clearly defined upon the face of the instrument creating it, subject to the limitations as to time prescribed in this title."

That the Beaver Oil Company is an express trust, organized under the power here conferred, cannot be doubted. It provides for an estate and interest in land to be held by trustees, and, unless created pursuant to subsection 5, it violates the statute abolishing all other trusts. It clearly seeks to exercise the rights and powers conferred on corporations. That the term "corporation" as used in Act No. 84 is identical in meaning with that used in Act No. 85 is apparent. Many of the provisions of the latter act refer to the reports and fees required by the former.

A consideration of the corporation code (Act No. 84) and of Act No. 85, enacted at practically the same time, and of the other statutory provisions providing for the organization, powers, and privileges of corporations, associations, and partnerships (2 Comp. Laws 1915, § 7815 *et seq.*) leads us to the conclusion that the legislature intended both of these acts to apply to corporations as defined in the Constitution, and that a trust as here created, wherein the purpose is to limit the personal liability of the investors therein; to provide for the issuance of negotiable certificates of interest, transferable only on the books of the trustees; and to provide that on the death of a stockholder his personal representatives should succeed to his interest in the trust property, is within such definition.

Section 6 of chapter 2 of part 5 of Act No. 84 provides:

"If any corporation neglects or refuses to make and file the reports required by this chapter within the time herein specified, and shall continue in default for ten days thereafter, its corporate powers shall be suspended thereafter, until it shall file such report, and it shall not maintain an action in any

court of this State upon any contract entered into during the time of such default."

It is conceded that no such reports were filed in July or August, 1929. Plaintiffs' right to do business became thereby suspended, and it had no right to file the bill of complaint herein "during the time of such default." *Motor City Engineering Co.* v. *Holmes Co.,* 241 Mich. 446.

A decree may be here entered dismissing the bill of complaint, with costs to appellant, but without prejudice to the rights of Peters or of the trustees after such default shall have been removed.

WIEST, C. J., and BUTZEL, CLARK, MCDONALD, POTTER, NORTH, and FEAD, JJ., concurred.