CENTRAL CONTRACTING COMPANY, INC v GOLDMAN

1. CORPORATIONS—SUSPENSION OF POWERS—POWER TO SUE.

The power to sue is one of the corporate powers suspended when a corporation fails to file its annual report or pay privilege fees and the suspension of the power to sue is removed when the corporation cures its default at any time prior to actual dismissal of the suit (MCLA 450.87).

2. CORPORATIONS—SUSPENSION OF POWERS—DISMISSAL.

An accelerated judgment was properly granted dismissing a corporation's suit based on a breach of a contract that was entered into while the corporation was in good standing where at the time the suit was instituted the corporation's powers were suspended for failure to file its annual report, but the dismissal should not have been with prejudice because the corporation's suit as filed was a nullity and the proper way to dispose of it would have been to dismiss without prejudice.

3. DISMISSAL AND NONSUIT—WITH PREJUDICE—DISCRETION.

Dismissing a suit with prejudice is a matter within the discretion of a trial court but the court's concern with the possibility of harassment does not appear to be well-founded where the parties have had, to date, but one hearing which resulted in a determination not reaching the merits of the case, and the fact that the parties stipulated to a period of time in which plaintiff could cure its default and plaintiff's failure so to cure should not affect the result; absent demonstrable harassment by plaintiff, the statute of limitations is the appropriate temporal reference, rather than a stipulation saying nothing about dismissal with prejudice.

Appeal from Oakland, Arthur E. Moore, J. Submitted Division 2 June 7, 1973, at Lansing. (Docket No. 15399.) Decided July 26, 1973.

REFERENCE FOR POINTS IN HEADNOTES
[1–3] 19 Am Jur 2d, Corporations §§ 1365–1368, 1613, 1614, 1622, 1642.

Complaint by Central Contracting Company, Inc., against Sheldon Goldman, Merwin Grosberg, and Doris K. Grosberg to foreclose a mechanic's lien or to recover money damages for breach of contract. Accelerated judgment for defendants. Plaintiff appeals. Reversed and remanded with instructions.

*Rollins & Genser,* for plaintiff.

*Maddin & Maddin,* for defendants.

Before: HOLBROOK, P. J., and DANHOF and ADAMS,* JJ.

DANHOF, J. Plaintiff appeals from an order of the trial court granting accelerated judgment for defendants and dismissing plaintiff's action with prejudice. GCR 1963, 116.1(3). More specifically, plaintiff does not take issue with the dismissal as such, but contends that this action should not have been dismissed with prejudice. We agree.

Plaintiff originally filed suit on June 2, 1972 seeking to foreclose a mechanic's lien on certain property of defendants or, in the alternative, to recover $6425 in damages for defendants' alleged breach of contract. Defendants thereafter filed a motion for accelerated judgment, contending that plaintiff's failure to file its annual reports with the Michigan Department of Commerce for the years 1971 and 1972 had deprived plaintiff of the legal capacity to sue, citing MCLA 450.87; MSA 21.87 which was then in effect. On July 18, 1972 the parties entered into a stipulation whereby defendants agreed to drop their motion for accelerated judgment and to give plaintiff an additional 45-day

---

* Former Supreme Court Justice, sitting on the Court of Appeals by assignment pursuant to Const 1963, art 6, § 23 as amended in 1968.

period (until September 1, 1972) in which to reinstate its corporate powers and thus regain its capacity to sue. In return, plaintiff agreed to waive its foreclosure remedy and proceed solely on a breach of contract basis.

Plaintiff did not succeed in getting its corporate powers reinstated by September 1, 1972. Defendants' renewed motion for accelerated judgment on September 13, 1972 resulted in the dismissal of plaintiff's action with prejudice. Plaintiff thereafter moved for a rehearing, but this motion was denied on September 20, 1972.

There is no doubt that at the time that plaintiff instituted suit, its corporate powers were suspended due to its failure to file its annual report with the Department of Commerce for the years 1971 and 1972. One of the corporate powers suspended by operation of MCLA 450.87; MSA 21.87 is the power to sue. *Motor City Engineering Co v Fred E Holmes Co,* 241 Mich 446; 217 NW 25 (1928); *Meldman Cartage Co v Fruehauf Trailer Co,* 271 Mich 304; 259 NW 905 (1935). Therefore, the trial court was correct in granting defendants' motion for accelerated judgment.

However, it would appear from the record that, when the contract which is the subject matter of this suit was made, plaintiff was in good standing with the Department of Commerce. The differing consequences of the two disability provisions contained in MCLA 450.87; MSA 21.87 were discussed by this Court in *Michigan Rural Development, Inc v El Mac Hills Resort, Inc,* 34 Mich App 505, 508–509; 191 NW2d 733, 734–735 (1971):

"In § 87, the Legislature has set forth two consequences which flow from failure to pay privilege fees or file an annual return: 1.) all corporate powers are suspended; 2.) any contract entered into while the

default continues is thereafter unenforceable by the corporation. The contrast between these two consequences is significant. The latter punishes a particular corporate act regardless of later compliance. It is strictly a punitive provision. *Industrial Coordinators, Inc v Artco, Inc,* 366 Mich 313; 115 NW2d 123 (1962). The former is an all-inclusive reference to the powers of a corporation; its effect lasts only until the corporation acts to cure it. It follows, we think, that the provision suspending the powers of a corporation was intended by the Legislature merely to enforce payment of fees and compel compliance with statutory duties. As a result, where a corporation has cured its default, whether due to pressure caused by inability to proceed with a lawsuit or by inability to exercise some other corporate power, the purposes of the statute have been fulfilled and no further sanction is necessary. We hold, therefore, that a corporation is entitled to proceed with a pending lawsuit if it cures its default at any time prior to actual dismissal of the suit. This holding appears to be in accord with a majority of the jurisdictions which have passed on the subject. See 9 Fletcher Cyclopedia Corporations (1964 Rev), § 4272, and cases cited therein."

Thus, the legislative sanction for plaintiff's failure to comply with the statute is to prohibit suit while in default. That is penalty enough and we see no reason to go beyond the statutory language and bar all further litigation on plaintiff's claim.

Since the statute denied plaintiff's standing to sue, plaintiff's suit as filed was a nullity. The proper way of disposing of it would have been to dismiss without prejudice. In *Nedeau v United Petroleum,* 251 Mich 673, 679; 232 NW 202, 204 (1930), the Supreme Court reversed a decree for plaintiff trust (which was found to be a corporation) on the basis that its annual reports had not been filed. The court stated:

"It is conceded that no such reports were filed in July

or August, 1929. Plaintiffs' right to do business became thereby suspended, and it had no right to file the bill of complaint herein 'during the time of such default.' *Motor City Engineering Co v Holmes Co,* 241 Mich 446; 217 NW 25 (1928).

"A decree may be here entered dismissing the bill of complaint, with costs to appellant, but without prejudice to the rights of Peters or of the trustees after such default shall have been removed."

Although the decision whether or not to dismiss with prejudice is a matter within the discretion of the trial court, *Reed v Burton Abstract & Title Co,* 344 Mich 375; 73 NW2d 828 (1955), the trial court's concern with the possibility of harassment does not appear to be well-founded. To date, the parties have had but one hearing which resulted in a determination not reaching the merits of this case. The fact that the parties agreed to a period of time in which plaintiff could cure its default and that plaintiff failed so to cure should not affect the result. Absent demonstrable harassment by plaintiff, the statute of limitations is the appropriate temporal reference, rather than a stipulation saying nothing about dismissal with prejudice.

Reversed and remanded. The order granting defendants' motion for accelerated judgment with prejudice is set aside with directions to enter an order granting defendants' motion without prejudice. Costs to plaintiff.

All concurred.