CUMMINGS v CITY OF DETROIT

Docket No. 84265. Submitted January 15, 1986, at Detroit. Decided March 7, 1986. Leave to appeal denied, 426 Mich 851.

Plaintiff, Carneal Cummings, brought an action in the Wayne Circuit Court against the City of Detroit and Chester Collins, a city inspector, and others alleging that he was injured while attempting to light the pilot light of his furnace which had been negligently inspected by Collins. The court granted summary judgment in favor of the city and Collins for failure to plead facts in avoidance of governmental immunity. Plaintiff moved for leave to amend his complaint. The court found that, if it should grant the motion, trial, which was scheduled in five days, would need to be adjourned. Adjournments in the Third Circuit may only be granted by the chief judge. Plaintiffs moved for an adjournment, but the chief judge denied the motion. The court, Harry J. Dingeman, Jr., J., refused plaintiff's motion to amend his pleadings. Plaintiff appealed. *Held:*

1. A trial court's decision on a motion for adjournment will not be disturbed on appeal absent an abuse of discretion. The term discretion itself involves the idea of choice, of an exercise of the will, of a determination made between competing considerations; in order to have an "abuse" in reaching such determination, the result must be so palpably and grossly violative of fact and logic that it evidences not the exercise of will but perversity of will, not the exercise of judgment but defiance thereof, not the exercise of reason but rather of passion or bias.

2. A motion to amend pleadings ordinarily should be granted, and denied only for particularized reasons such as undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, and futility of amendment; the leave sought should, as the rule requires, be freely given.

3. The discretion confided to trial judges under the court-rule

References

Am Jur 2d, Pleading §§ 230 *et seq*, 306, 338.

Right to amend pending personal injury action by including action for wrongful death after statute of limitations has run against independent death action. 71 ALR3d 933.

standard that leave to amend pleadings shall be freely given when justice so requires is not boundless. This language imposes a limitation on the discretion of the court necessitating a finding that justice would not be served by the amendment.

4. Neither judge abused his discretion in denying plaintiff's motions.

Affirmed.

1. MOTIONS AND ORDERS — ADJOURNMENT — APPEAL.

A trial court's decision on a motion for adjournment will not be disturbed on appeal absent an abuse of discretion; the term discretion itself involves the idea of choice, of an exercise of the will, of a determination made between competing considerations; in order to have an "abuse" in reaching such determination, the result must be so palpably and grossly violative of fact and logic that it evidences not the exercise of will but perversity of will, not the exercise of judgment but defiance thereof, not the exercise of reason but rather of passion or bias.

2. PLEADING — AMENDMENT OF PLEADINGS — COURT RULES.

A motion to amend pleadings ordinarily should be granted, and denied only for particularized reasons such as undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, and futility of amendment; the leave sought should, as the rule requires, be freely given (MCR 2.118[A]; GCR 1963, 118.1).

3. PLEADING — AMENDMENT OF PLEADINGS — COURT RULES.

The discretion confided to trial judges under the court rule standard that leave to amend pleadings shall be freely given when justice so requires is not boundless; this language imposes a limitation on the discretion of the court necessitating a finding that justice would not be served by the amendment (MCR 2.118[A]; GCR 1963, 118.1).

4. PLEADING — AMENDMENT OF PLEADINGS — COURT RULES.

A court, on a motion to amend pleadings, should ignore the substantive merits of a claim or defense unless it is legally insufficient on its face and it would be futile to allow the amendment (MCR 2.118; GCR 1963, 118).

*Norman P. Ochs,* for plaintiff.

*Donald Pailen,* Corporation Counsel, and *Dennis*

*Burnett, William L. Woodard,* and *Linda Fegins,* Assistant Corporation Counsel, for defendant.

Before: D. F. WALSH, P.J., and CYNAR and N. J. KAUFMAN,* JJ.

PER CURIAM. On March 2, 1982, plaintiff, Carneal Cummings, filed suit against defendants, the City of Detroit and Chester Collins, alleging negligence in the inspection of a furnace in a home subsequently sold to plaintiff. Plaintiff appeals from the March 29, 1985, order of Wayne Circuit Judge Harry J. Dingeman which denied plaintiff's motion to amend his complaint and the order of Wayne Circuit Chief Judge Richard D. Dunn which denied plaintiff's motion to adjourn trial.

By way of background, plaintiff alleged in his complaint that he suffered injury when he attempted to light the pilot light of a furnace in a house he had recently purchased from former codefendants Emanuel and Amelia Cruz. Collins, a City of Detroit employee, inspected the house pursuant to Detroit Ordinance 124-H, § 12-7-1. Plaintiff claims that defendant Collins was negligent in his inspection of the furnace prior to the sale of the house.

On September 4, 1984, defendants filed a motion for summary judgment requesting dismissal on the basis that the defendants were immune from tort liability. Arguments on the motion were not heard until January 18, 1985, at which time Judge Dingeman took the matter under advisement. On March 22, 1985, Judge Dingeman issued a written opinion and order granting defendants' motion for summary judgment after applying the Supreme

---

* Former Court of Appeals Judge, sitting on the Court of Appeals by assignment.

Court's holding in *Ross v Consumers Power Co (On Rehearing)*, 420 Mich 567; 363 NW2d 641 (1984), which had been released after the January 18 hearing.

On February 25, 1985, the plaintiff filed a motion for leave to amend his complaint to plead facts in avoidance of immunity, in light of the *Ross* case. At the March 29, 1985, hearing on the motion, plaintiff requested leave to amend his complaint to include allegations that the furnace inspections are a proprietary function and that the acts of the inspector were ministerial in nature. The defendants argued that leave to amend should not be granted because, first, amendment would be futile and, second, defendants would be prejudiced by amendment three days before the trial (against the other defendants). Judge Dingeman stated that, if the motion were granted, the case would need to be adjourned. Trial was scheduled to begin in five days. In light of this fact, the parties were directed to move before the chief judge for adjournment; if an adjournment was granted, they could then come back and argue the motion.

Chief Judge Dunn denied the oral motion to adjourn trial on March 29, 1985. Subsequently, that same day, plaintiff's motion to amend was denied by Judge Dingeman.

The issue for our consideration is whether the denial of plaintiff's motions to adjourn trial and to amend his complaint were abuses of judicial discretion.

Under MCR 2.503, a party may move for an adjournment of trial on good cause and the court, in its discretion, may grant an adjournment to promote the cause of justice. Under Local Rule 2.503 for the Third Judicial Circuit, an adjournment may only be granted by the chief judge. Pursuant to MCR 8.112(A), this local rule was

approved by the Supreme Court. A trial court's decision on a motion to adjourn trial will not be disturbed on appeal absent an abuse of discretion. *Joiner v Michigan Mutual Ins Co,* 137 Mich App 464, 476; 357 NW2d 875 (1984), lv den 422 Mich 918 (1985); *Moldovan v Allis Chalmers Mfg Co,* 83 Mich App 373, 382; 268 NW2d 656 (1978), lv den 406 Mich 916 (1979), cert den 444 US 1034 (1980).

In defining the term "abuse of discretion," the Supreme Court in *Spalding v Spalding,* 355 Mich 382, 384-385; 94 NW2d 810 (1959), stated:

> Where, as here, the exercise of discretion turns upon a factual determination made by the trier of the facts, an abuse of discretion involves far more than a difference in judicial opinion between the trial and appellate courts. The term discretion itself involves the idea of choice, of an exercise of the will, of a determination made between competing considerations. In order to have an "abuse" in reaching such determination, the result must be so palpably and grossly violative of fact and logic that it evidences not the exercise of will but perversity of will, not the exercise of judgment but defiance thereof, not the exercise of reason but rather of passion or bias.

This standard was recently applied again in *Marrs v Bd of Medicine,* 422 Mich 688; 375 NW2d 321 (1985). See also *People v Talley,* 410 Mich 378, 387; 301 NW2d 809 (1981).

Amendment of pleadings is provided for in MCR 2.118(A), formerly GCR 1963, 118.1:

> (1) A party may amend a pleading once as a matter of course within 14 days after being served with a responsive pleading by an adverse party, or within 14 days after serving the pleading if it does not require a responsive pleading.
> (2) Except as provided in subrule (A)(1) a party

may amend a pleading only by leave of the court or by written consent of the adverse party. Leave shall be freely given when justice so requires.

The Supreme Court construed the above court rule in *Ben P Fyke & Sons v Gunter Co,* 390 Mich 649; 213 NW2d 134 (1973). The Court held that "[a] motion to amend ordinarily should be granted and denied only for particularized reasons." *Id.,* p 656. The Court then specified such "reasons" and quoted from *Foman v Davis,* 371 US 178, 182; 83 S Ct 227, 230; 9 L Ed 2d 222, 226 (1962), as follows:

> In the absence of any apparent or declared reason—such as undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of amendment, etc.—the leave sought should, as the rules require, be "freely given." [*Id.,* p 656.]

When a trial court denies the motion to amend, the court must specify its reasons for doing so. 390 Mich 656-657.

In discussing the trial court's discretion, the Supreme Court in *Fyke* held that the court's discretion is not "boundless" and the court must find that justice would not be served by the amendment. 390 Mich 658. The *Fyke* Court held that "a judge abuses this discretion when he utilizes it to obviate a recognized claim or defense." *Id.,* p 659.

In discussing the futility of amendment as a reason for denying the motion, the *Fyke* Court stated:

> On a motion to amend, a court should ignore the substantive merits of a claim or defense unless it is legally insufficient on its face and, thus, as

expressed in *Foman v Davis, supra,* it would be "futile" to allow the amendment. [390 Mich 660.]

It appears from the lower court record that Judge Dingeman denied plaintiff's motion to amend because he believed the defendant would be prejudiced if an adjournment of trial court not be obtained. The trial was scheduled to begin five days later.

At the March 29, 1985, hearing, Judge Dingeman stated that he could not grant the motion when it affected the trial date. In Judge Dingeman's opinion, such a motion could not be granted unless an adjournment of trial was obtained. Upon Judge Dunn's denial of the motion to adjourn, Judge Dingeman entered his order denying the motion to amend.

In our opinion, neither judge abused his discretion. The record substantiates the court's decision to deny plaintiff's motions on the grounds of delay and prejudice to the defendants. We point out that the standards as set forth by the Supreme Court in *Ross, supra,* were not new rules but, rather, a refinement and adoption of rules already applied in the lower courts. Plaintiff's new allegations should have been raised before the eve of trial. Amendment of plaintiff's complaint five days before trial would not have served the interests of justice.

Affirmed. We retain no further jurisdiction.