GARDNER v STODGEL

Docket No. 103301. Submitted November 1, 1988, at Detroit. Decided
    January 9, 1989. Leave to appeal applied for.

Plaintiff, Betty Gardner, individually and as next friend of April
    Foster and Starr Foster, brought a dramshop action in the
    Oakland Circuit Court against Joseph E. Stodgel, T & L Opera-
    tions, Inc., and Loy M. Limbaugh. The action arose as a result
    of an automobile accident between a car driven by James
    Monforton and one driven by Emma Jean Frisch, Gardner's
    daughter and the mother of April and Starr Foster. Both
    drivers were killed and April Foster received a closed-head
    injury. Frisch's blood alcohol level was determined to be 0.22
    percent. The suit was filed on February 1, 1985, and the estate
    of Emma Jean Frisch, the alleged intoxicated person, was not
    named as a defendant. Plaintiff amended her complaint in
    February, 1986, to add Carl Combs and Marilee Kelly as
    defendants. Plaintiff's case and a separate case by the represen-
    tative of Monforton's estate were mediated together October 14,
    1986. On January 23, 1987, plaintiff moved for a determination
    of proper parties under the dramshop act or to amend the
    complaint to add the Frisch estate as a defendant. The court,
    Robert C. Anderson, J., informed counsel that it would not rule
    on the motion. Plaintiff then moved on behalf of April Foster
    only to add the estate as a defendant. That motion was denied
    on March 11, 1987. On March 18, 1987, Gardner, as next friend
    of April Foster, filed a separate negligence suit against the
    estate of Frisch. T & L then moved for summary disposition in
    the instant action citing plaintiff's failure to name and retain
    the alleged intoxicated person, Frisch's estate. Plaintiff re-
    quested the consolidation of her two cases. That motion was
    denied and the trial court granted T & L's motion. A similar
    motion for summary disposition by Stodgel was then granted.
    Defendants Limbaugh, Combs and Kelly apparently settled

REFERENCES

Am Jur 2d, Actions §§ 156 *et seq.*; Intoxicating Liquors §§ 593 *et
    seq.*; Pleading §§ 228, 306 *et seq.*

Intoxicating liquors: right of one liable under Civil Damage Act to
    contribution or indemnity from intoxicated person, or vice versa.
    31 ALR3d 438.

with plaintiff. Plaintiff appeals from the orders granting summary disposition to Stodgel and T & L.

The Court of Appeals *held:*

1. The trial court did not err when it dismissed plaintiff's case pursuant to the name and retain provision of the dramshop act. April Foster had a cause of action against her mother's estate since she was injured in the accident in which her mother, the alleged intoxicated person, was killed. Thus, she was required to name and retain her mother's estate as a party defendant.

2. The trial court did not abuse its discretion in denying plaintiff's motion to amend the complaint to add Frisch's estate as a party defendant. The age of the case and the reasons presented to the court by defendant T & L in support of the denial were sufficient to support the court's denial of the motion.

3. The trial court did not abuse its discretion in denying plaintiff's motion to consolidate.

4. The trial court did not err in ordering dismissal with prejudice.

Affirmed.

1. INTOXICATING LIQUORS — DRAMSHOP ACTIONS — NAME AND RETAIN PROVISION.

The purpose of the name and retain provision of the dramshop act is to avoid possible collusion between the plaintiff and the one who caused the injury; the provision is for the benefit of the tavern owner, in order to preserve his defenses against the plaintiff's claims (MCL 436.22[5]; MSA 18.993[5], as amended by 1980 PA 351).

2. INTOXICATING LIQUORS — DRAMSHOP ACTIONS — PARTIES.

A trial court properly dismisses a plaintiff's dramshop action where the plaintiff has a cause of action against the alleged intoxicated person but does not name and retain that person in the dramshop action (MCL 436.22[5]; MSA 18.993[5], as amended by 1980 PA 351).

3. PLEADING — AMENDMENT OF PLEADINGS.

A motion to amend a complaint should ordinarily be denied only where there is undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendment previously allowed, undue prejudice to the opposite party created by the allowance of the amendment, or futility of amendment.

4. PLEADING — AMENDMENT OF PLEADINGS — APPEAL.

A trial court, in denying a motion to amend a complaint, must specify its reasons for doing so; such decision will not be reversed on appeal absent an abuse of discretion.

5. TRIAL — CONSOLIDATION OF ACTIONS — APPEAL.

The purpose of consolidation is to promote the convenient administration of justice and to avoid needless duplication of time, effort and expense; consolidation should not be ordered if a substantial right of a party would be significantly prejudiced; a decision to deny a motion to consolidate will not be reversed on appeal absent an abuse of discretion.

6. ACTIONS — DISMISSAL — PREJUDICE.

The decision whether to dismiss a matter with prejudice is within the sound discretion of the trial court.

*Woll, Crowley, Berman, Olsman & Nolan, P.C.* (by *Alan F. Giles*), for plaintiff.

*Garan, Lucow, Miller, Seward, Cooper & Becker, P.C.* (by *Thomas F. Myers* and *Robert D. Goldstein*), for T & L Operations, Inc.

Before: GILLIS, P.J., and DOCTOROFF and K. N. SANBORN,* JJ.

PER CURIAM. This is a dramshop action, MCL 436.22; MSA 18.993, in which plaintiff appeals as of right from the trial court's orders granting defendants' motions for summary disposition pursuant to MCR 2.116(C)(8), on the basis that plaintiff failed to "name and retain" the alleged intoxicated person. MCL 436.22(5); MSA 18.993(5). We affirm.

On March 5, 1984, while driving in Waterford Township, Emma Jean Frisch (decedent) caused her vehicle to cross the center line and collide with another car. Both drivers (Frisch and James Monforton) were killed. Decedent's blood alcohol

* Circuit judge, sitting on the Court of Appeals by assignment.

level was determined to be 0.22 percent. Her daughter, April Foster, a passenger, sustained a closed-head injury.

On February 1, 1985, plaintiff Betty Gardner, mother of decedent, filed suit on behalf of April and Starr Foster, decedent's daughters, alleging violation of the dramshop act. Decedent's estate was not named as a defendant.

Plaintiff's first amended complaint was filed June 24, 1985. The second amended complaint, filed in early February, 1986, added defendants Carl Combs and Marilee Kelly, doing business as Club Tahoe. Plaintiff's case and the Monforton case were mediated together October 14, 1986. On January 23, 1987, plaintiff moved for a determination of proper parties under the dramshop act or to amend the complaint to add the Frisch estate as a defendant. The court informed plaintiff's counsel that it would not rule on the motion. Plaintiff then moved to add the estate as a defendant. That motion was denied at a hearing on March 11, 1987.

On March 18, 1987, Betty Gardner, as next friend of April Foster, filed a separate negligence suit against the estate of Emma Jean Frisch. Defendant T & L Operations, Inc. moved for summary disposition of the instant case on the basis that plaintiff's failure to name and retain the alleged intoxicated person defeated the cause of action under the dramshop act. Plaintiff then requested that the new case be consolidated with this case. This motion was denied.

The trial court granted T & L's motion for summary disposition pursuant to MCR 2.116(C)(8). Plaintiff's motion for rehearing was denied on July 31, 1987. Defendant Joseph E. Stodgel's motion for summary disposition was granted on September 8, 1987. Defendants Limbaugh, Combs and Kelly ap-

parently settled with plaintiff. Plaintiff appeals from the orders granting summary disposition to defendants Stodgel and T & L.

Plaintiff first claims that the trial court erred in granting summary disposition on the basis of the "name and retain" provision of the dramshop act because an exception to that provision exists in situations where the plaintiff has no cause of action against the alleged intoxicated person. Plaintiff contends she and decedent's daughters are beneficiaries of decedent's estate. Thus, it would be meaningless for them to sue the estate because, in essence, they would be suing themselves. Plaintiff argues that the purpose and intent of the name and retain provision, to prevent possible fraud and collusion between the alleged intoxicated person and the plaintiff, does not apply in this case where there is no cause of action against the alleged intoxicated person and the alleged intoxicated person is deceased. We disagree with both plaintiff's reasoning and conclusion.

MCL 436.22(5); MSA 18.993(5), as amended by 1980 PA 351, provided, at times pertinent to this action:

> An action against a retailer, wholesaler, or anyone covered by this act or a surety, shall not be commenced unless the minor or the alleged intoxicated person is a *named defendant* in the action and is *retained in the action* until the litigation is concluded by trial or settlement. [Emphasis added.]

The particular objective of the dramshop act is to discourage bars from selling intoxicating beverages to minors or visibly intoxicated parties and to provide for full recovery under certain circumstances by those injured as a result of the illegal sale of intoxicating liquor. *Browder v International*

*Fidelity Ins Co,* 413 Mich 603, 611-612; 321 NW2d 668 (1982). The remedy provided to the injured person is not against the intoxicated person who caused the ultimate injury, but against the bar owner who sold intoxicating liquor to a minor or a visibly intoxicated person. *Id.,* p 613; *Millross v Plum Hollow Golf Club,* 429 Mich 178, 184; 413 NW2d 17 (1987). The purpose of the name and retain provision is to avoid possible collusion between the plaintiff and the one who caused the injury. *Browder,* p 615. Extrapolating from that purpose, we conclude that the name and retain provision is for the benefit of the tavern owner, in order to preserve his defenses against the plaintiff's claims. See *Riley v Richards,* 428 Mich 198, 209-210; 404 NW2d 618 (1987).

In *Putney v Haskins,* 414 Mich 181, 187, 190; 324 NW2d 729 (1982), reh den 414 Mich 1111 (1982), our Supreme Court held that the legislative mandate of the name and retain provision must be enforced as written. It rejected the proposition that "substantial compliance" was sufficient and held that any settlement with the alleged intoxicated person requires the case against the tavern owner to be dismissed. However, the Court recognized an exception to the name and retain provision, as found in *Salas v Clements,* 399 Mich 103, 109; 247 NW2d 889 (1976), where the knowledge of the alleged intoxicated person's identity is unknown, "a circumstance entirely beyond [the plaintiff's] control."

In *Riley, supra,* p 211, the Court again held that there can be no degrees of compliance with the name and retain provision. "Retained" means being a real party in interest in the full sense of those words. *Id.,* p 213. The Court did not discuss the *Salas* exception.

Plaintiff contends that a second exception exists

where it would be futile to require the plaintiff to name and retain a defendant against whom the plaintiff has no cause of action or where the intent of the statute, to avoid collusion, would not be enhanced. Plaintiff finds support for this conclusion in *Scholten v Rhoades,* 67 Mich App 736; 242 NW2d 509 (1976) (in situations where no cause of action otherwise exists and recovery against the alleged intoxicated person is impossible, the mandatory application of the name and retain amendment is "awkward, strained and absurd"); *Dickerson v Heide,* 69 Mich App 303; 244 NW2d 459 (1976) (name and retain provision should not be used to deny relief to plaintiffs who have no cause of action against the alleged intoxicated person); *Schutz v Murphy,* 99 Mich App 386; 297 NW2d 676 (1980) (name and retain provision does not apply where plaintiff either cannot name the alleged intoxicated person or cannot retain the alleged intoxicated person as a defendant because the plaintiff has no cause of action against him); *Newman v Hoholik,* 138 Mich App 66; 359 NW2d 253 (1984) (following *Putney, Scholten* is still "good law"; an injured person may maintain a dramshop action without naming and retaining as a party defendant a close family member against whom the plaintiff has no cause of action); *Burke v Angies, Inc,* 143 Mich App 683; 373 NW2d 187 (1985) (adopted the holding of *Newman;* where the alleged intoxicated person was deceased and the plaintiffs were close family members [with no cause of action against the alleged intoxicated person], an exception to the name and retain provision exists).

The common factor in the above decisions is that the plaintiffs had no cause of action against the alleged intoxicated person. While we decline to comment on the propriety of the exception pro-

vided for in these decisions (see 1986 PA 176, effective July 7, 1986), we dispute the applicability of the exception to this case because we find that April Foster had a cause of action against her mother's estate since she was injured in the accident in which her mother, the alleged intoxicated person, was killed. Thus, she was required to name and retain decedent's estate as a party defendant. The trial court did not err when it dismissed plaintiff's case pursuant to the name and retain provision.

Plaintiff next claims that the trial court abused its discretion in denying plaintiff's motion to amend the complaint to add decedent's estate as a party defendant. MCR 2.118. We disagree.

A motion to amend a complaint should ordinarily be denied only where there is undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendment previously allowed, undue prejudice to the opposite party created by the allowance of the amendment, or futility of amendment. *Davis v Chrysler Corp,* 151 Mich App 463, 473-474; 391 NW2d 376 (1986), lv den 428 Mich 869 (1987). The trial court's decision to disallow the amendment will not be reversed absent an abuse of discretion. *Rathbun v Starr Commonwealth for Boys,* 145 Mich App 303, 316; 377 NW2d 872 (1985), lv den 424 Mich 908 (1986). When a trial court denies a motion to amend, the court must specify its reasons for doing so. *Cummings v Detroit,* 151 Mich App 347, 352; 390 NW2d 666 (1986), lv den 426 Mich 851 (1986).

An amendment relates back to the date of the original pleading if the claim or defense asserted in the amended pleading arose out of the conduct, transaction, or occurrence set forth, or attempted to be set forth, in the original pleading. MCR

2.118(D). Thus, mere expiration of a limitations period will not be considered prejudicial to the defendant. *Davis, supra.* Generally, however, the relation-back doctrine does not extend to the addition of new parties. *Guerra v Bar-Har Investments, Inc,* 112 Mich App 302, 307; 315 NW2d 921 (1982).

Plaintiff's original complaint was filed on February 1, 1985, first amended on June 24, 1985, and secondly amended in February, 1986. On January 23, 1987, plaintiff filed a motion for the determination of proper parties under the dramshop act or, in the alternative, to amend the complaint and add decedent's estate as a party defendant. This motion was unopposed and heard on February 11, 1987. The trial judge did not render an opinion. On March 2, 1987, plaintiff refiled her motion to amend to add decedent's estate as a party defendant. Plaintiff brought the motion on behalf of April Foster only. Defendant T & L opposed the motion and claimed prejudice because (1) the case had already been mediated without the estate as a named defendant and an amendment to add a new party would probably require remediation, (2) the case had already been set for trial and had been adjourned once, and (3) defendant had earlier filed a motion pursuant to the name and retain provision which was withdrawn when this case and the Monforton case had been consolidated for discovery purposes because the estate was a named defendant in that case. The trial court denied the motion "based upon the age of the case and what's been presented to the Court."

We conclude that the trial court did not abuse its discretion in denying plaintiff's motion to amend her complaint to add decedent's estate as a party defendant. The age of the case and the reasons "presented to the Court" by defendant

were sufficient to support the court's denial of the motion.

Plaintiff's third claim is that the trial court abused its discretion in denying plaintiff's motion to consolidate. We disagree.

On March 18, 1987, plaintiff, as next friend of April Foster, filed a negligence suit against the estate of Emma Jean Frisch. The case was assigned to another Oakland Circuit Court judge. On April 20, 1987, defendant T & L moved for summary disposition against plaintiff in the instant action pursuant to the name and retain provision. In her response, plaintiff requested, alternatively, to consolidate the April Foster negligence action with this lawsuit. At oral argument on May 6, 1987, the court took the motions under advisement. Our review of the record reveals no order denying consolidation. However, an opinion dated June 19, 1987, granted T & L's motion for summary disposition and an order in conformance therewith was entered on July 7, 1987.

A trial court's decision denying a motion to consolidate is reversible only in case of an abuse of discretion. *Michigan Waste Systems, Inc v Dep't of Natural Resources,* 157 Mich App 746, 755; 403 NW2d 608 (1987), lv den 428 Mich 900 (1987). The purpose of consolidation is to promote the convenient administration of justice and to avoid needless duplication of time, effort and expense. *Id.,* p 756. Consolidation should not be ordered if a substantial right of a party would be significantly prejudiced. *Kubiak v Hurr,* 143 Mich App 465, 477; 372 NW2d 341 (1985).

The circuit court had denied plaintiff's motion to add decedent's estate as a party defendant because of timeliness and prejudice to the other defendants. Plaintiff then filed the April Foster com-

plaint against decedent's estate and moved to consolidate it with the instant matter. We cannot help but agree with defendants' characterization of these procedures as an attempt to bypass the name and retain requirement and the trial court's denial of plaintiff's motion to add decedent's estate as a party defendant. We find that consolidation would neither have promoted the convenient administration of justice nor have avoided needless duplication of time, effort and expense. The court did not abuse its discretion.

Lastly, plaintiff claims that the court's orders of dismissal should have been without prejudice. Plaintiff contends that this dismissal was based on a procedural matter and, thus, should not have been dismissed with prejudice. *Sanders v Leeson Air Conditioning Corp,* 362 Mich 692, 696; 108 NW2d 761 (1961). We disagree.

The decision whether to dismiss a matter with prejudice is within the sound discretion of the trial court. *Central Contracting Co, Inc v Goldman,* 48 Mich App 604, 608; 210 NW2d 901 (1973). Plaintiff's cause of action was dismissed pursuant to MCR 2.116(C)(8), failure to state a claim on which relief could be granted. Based upon the facts of this case, we find the court did not abuse its discretion in dismissing this matter with prejudice.

Affirmed.